No. 1100.

STATE OF LOUISIANA EX REL. THOMAS W. NELSON VS. POLICE JURY OF THE PARISH OF ST. MARTIN ET AL.

A party claiming to compel a Municipal Corporation by Mandamus to levy a special tax to pay a certain judgment held by him, notwithstanding the limitations of Article 209 of the Constitution of 1879, on the ground that said limitations impair the obligations of his contract with the Municipality and are, therefore, null and void,—must allege and prove that his judgment was founded upon a *contract.*

APPEAL from the Twenty-First Judicial District Court, parish of St. Martin.   *Fontelieu,* J.

---

Breaux & Hall for the Relator, Appellee:
First—The original judgment declares (1) the existence of the debt; (2) fixes the amount; (3) and secures, in terms, to the creditor the means of enforcing its payment, according to the law in existence at its final rendition.
Bach vs. Foogood et al., 18 La. 416.
Gustine vs. the Union Bank, 10 Rob. 418.
Second—The State is bound to afford adequate process for the enforcement of rights ; and where an intention to hamper or embarrass proceedings to enforce the remedy, so as to destroy it and thus impair the contract, is apparent, the statute is void.
Cooley's Const. Lim. p. 286–289.

Oatman vs. Bond, 15 Wisconsin, 28.

Hoffman vs. City of Quincy, 4 Wallace, 548.

State ex rel. Strauss vs. Brown, 30 An. 82.

State ex rel. Henry vs. the Mayor, 29 An. 865.

Edwards vs. Kearsey, 96 U. S. 598.

15 Howard, 304; 1 Howard, 311.

Third—The remedy subsisting in a State when and where a contract is made and is to be performed is a part of its obligations, and any subsequent law of the State which so affects the remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and void.

Edwards vs. Kearsey, 96 U. S. 607.

Fourth—The remedy for payment was special, and required to be made a part of the judgment; thereafter no law could affect any right of relator fixed by that judgment.

Revised Statutes, 2428.

Pennsylvania vs. Belmont Bridge Co., 18 Howard, 431.

Bemiss vs. Dwight, 3 An. 337-8.

Authorities cited above.

Fifth—The act of 1877, p. 88, repeals our only remedy, strikes at rights ascertained and fixed by the judgment of November 29th, 1873, and is, therefore, as to these, null and void.

W. B. Merchant, District Attorney, for Defendants and Appellants :

No parish tax for any purpose whatever shall exceed ten mills on the dollar of valuation.   Const. of 1879, Art. 209.

A remedial law may be repealed at any time, and from the date of such repeal no obligation can be enforced thereunder.

A judgment ordering the levy and collection of a tax, which does not fix the time of collecting the same, is *pro hac vice* inoperative and of no effect.

The levy of a tax based upon previous assessments is null and void.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The relator obtained judgment in 1873 against the parish of St. Martin for four thousand five hundred dollars, with interest as stipulated.   Under the provisions of section 2628 of the Revised Statutes, the Court directed the assessment and collection of a special tax to pay the judgment, which reads as follows: .

"In the above entitled case, the law and the evidence being in favor of plaintiff, and against the defendant, it is ordered, adjudged, and decreed that said plaintiff, Thomas W. Nelson, have judgment against and recover from the defendant, parish of St. Martin, the sum of four

57

thousand five hundred dollars, with eight per cent per annum from October 5th, 1868, and that the board of assessors, or officers whose duty it is to assess taxes, forthwith assess a parish tax at a sufficient rate per cent upon the assessment roll of the current year to pay said judgment, and that the tax-collector proceed forthwith to collect said tax in the same manner that parish taxes are now collected ; and the amount collected to be a special fund to pay said judgment."

The validity of this judgment was assailed, and an injunction was obtained to arrest its execution, but the court dissolved the injunction and maintained the judgment. On appeal this judgment was affirmed. 28 An. 578.

Proceedings were next taken against the tax-collector and assessor to force the levy of a tax to satisfy the judgment. This Court held that the proceedings should have been directed against the police jury, and that a mandamus can not issue against the tax collector and assessor. 30 A. 1103.

The present proceeding is instituted against the police jury of the parish of St. Martin, and has for its object to compel them by *mandamus* to assess, collect, and apply a special tax for the payment of the relator's judgment.

The application is resisted on two grounds :

First. The State and parish tax-collector was not made a party.

Second. The law under which the judgment was rendered for the levy and application of the tax was repealed by Act No. 56 of 1877.

As a corollary, it was argued in the pleadings that said law being essentially a remedial law, its repeal did in nowise impair the relator's rights, but merely suspended or abolished one of the means by which his said vested rights could be exercised or executed ; it is, therefore, valid and constitutional.

The judgment of the lower court directed the assessment of a special tax of *one* per cent, and the police jury has appealed from it.

First. The State and parish tax-collector was served and has joined issue. He is, therefore, a party to the suit.

Second. The act of 1877 should be no bar to the exercise of the remedy accorded by law to the plaintiff, and which was in force at the time that he obtained his judgment, and which, not only theoretically, but practically, formed part of that judgment, *provided* the judgment be founded on a *contract.*

The only evidence before us is the judgment *itself.* Neither the pleadings nor the evidence on which the judgment was rendered are in the record. The very petition in the present proceeding is silent on the subject of the obligation of the parish to pay the judgment, as spring-

ing from a *contract*.   The police jury has neither alleged nor proved to the contrary.   It was certainly a material point.

The relator's counsel has affirmed in his argument that plaintiff has recovered on the strength of a *contract*, but this statement, however respectable and correct it may be considered, cannot be accepted to supply the deficiency.

We do not consider that the insertion in the judgment that a tax shall be assessed and applied to the payment of this judgment, adds any force to the claim of the relator for a *mandamus*.   The law in existence at the time it was rendered, directing such an insertion, forms as much part of the judgment, without being so embodied, as the formal incorporation of its provision does.   The relator has acquired no right by the insertion which he would not have had otherwise.

We think that the relator has not presented a case shielded by the Constitution of the United States, which forbids States from framing laws impairing the obligations of contracts, and, even then, that he has failed to substantiate by proper and sufficient evidence that it is so protected.

If the judgment relied upon was not founded on a contract, we would be powerless to enforce its payment in the manner proposed, prohibited as we would be from so doing by article 209 of the Constitution of 1879, limiting taxation to ten mills, as was held in the case of the State ex rel. Folsom Bros. vs. the City of New Orleans, recently decided and not yet reported.

It is in evidence that the parish of St. Martin is without property liable under seizure and execution, and it is admitted that there are no funds in the treasury to pay this judgment.   The parish indebtedness, exclusive of the judgment, is about two thousand five hundred dollars, and there is an appropriation made in the current taxes of nine hundred dollars to pay all back indebtedness.

The special tax of *one* per cent imposed by the lower court is, by itself, a tax of ten mills, the valuation of the taxable property in the parish, under the assessment, being proved to be one million of dollars. The existing respective *quantum* of per centage of parochial taxes annually levied and collectible was not proved, and is not, therefore, specifically known to us.   Whatever the parochial *quantum* be, *it exists*, as the parish has no means of self-support other than those realized by taxation.   It is undeniable that it has a budget of expenditures provided for in that manner.

Added to the *ten* mills ordered to be raised by the judgment in this case, the total of the parochial tax and of the special tax ordered to be assessed would clearly exceed the constitutional limit stated, which,

under the circumstances of this case, as shown by the record, we have no authority to transgress.

We think it our duty, in furtherance of the ends of justice, to remand the case, in order that the relator may have an opportunity of establishing that his judgment is founded on a *contract*, if such be the case, and that the defendants may adduce such further evidence and make such other defenses as the nature of the suit may require.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, making peremptory the *mandamus* asked, be reversed, and that this case be remanded for further proceedings according to law, appellee to pay costs of both courts.

Mr. Justice FENNER recuses himself, having been of counsel.

Mr. Justice LEVY takes no part in the case, as interested in a similar question.