## MARY BAUGHMAN v. P. C. BAUGHMAN, *et al.*

MARRIAGE, *Proof of.* In any civil action in which the mere question of the descent of property is involved, the fact of a marriage may, in the absence of a statute positively requiring other evidence, be proved by the testimony of persons present and witnessing the ceremony.

*Error from Wilson District Court.*

AT the February Term, 1882, of the district court, plaintiffs, *P. C. Baughman* and *Barbara Baughman*, recovered a judgment against defendant, *Mary Baughman*, who brings the case here. The opinion states the facts.

*S. S. Kirkpatrick*, for plaintiff in error.

*T. J. Hudson, C. C. Chase*, and *C. F. Hutchings*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Defendants in error are the parents of one D. P. Baughman, deceased. As parents they claim to be his sole heirs. Plaintiff in error, defendant below, claims to have been the wife, and to be the widow of said D. P. Baughman, and therefore, there being no children, the sole heir. The single issue presented is, whether plaintiff in error was legally married to said D. P. Baughman, and therefore, as his widow, legally entitled to inherit his property. In support of her claim to the fact of the legal marriage, and that she was the widow of the said D. P. Baughman, she offered her own testimony and the testimony of two other witnesses, that they were present at Eureka Springs, Arkansas, and witnessed the marriage ceremony between herself and deceased. All this evidence was rejected, the court holding that record evidence was essential to prove the fact of marriage. In this we think the court erred. The laws of the state of Arkansas, in which this marriage is claimed to have been made, are not before us. We may not presume them different from the common law, or different from our own statutes. (*French v. Pease,* 10 Kas. 54; *Furrow v. Chapin,* 13 Kas. 113; *Railway Co. v. Cutter,* 16 Kas. 571.) Under our own laws and under the common law, the fact of marriage is provable, not alone by record evidence, but by the testimony of those who were present and witnessed the ceremony. (*Wolverton v. The State,* 16 Ohio, 173.) In this case, the court says: "Upon this theory it would follow that the marriage could not be proved by a person present at the ceremony, and yet such proof is always admissible." In 1 Bishop on Marriage and Divorce, § 494, it·is said: "Anyone who is present at the marriage may be witness to prove the fact. Proof by witnesses present

has been deemed better than proof by the record." See also 2 Greenleaf on Evidence, §§ 461 and 462; also 2 Wharton's American Criminal Law, (4th ed.,) §§ 26 and 30, and cases cited in notes; *Hayes v. The People,* 25 N. Y. 397; *O'Gara v. Eisenlhor,* 38 N. Y. 298; *Patterson v. Gaines,* 6 How. U. S. 550. Our own statute, (Comp. Laws 1879, ch. 33, § 8,) supports this view; for under it, continuous cohabitation as husband and wife is presumptive evidence of marriage, for the purpose of giving the right aforesaid, and that right is the right of inheritance, the right claimed in the case at bar. We think under all the authorities and under our own statutes, the court erred in rejecting the testimony offered. In any civil action, in the absence of a statute positively prescribing other testimony, the fact of marriage can always be proved by the testimony of those who were present at and witnessed the ceremony. We do not think our statute concerning marriages changes this rule of evidence. Notwithstanding a license is now required; that the statute provides for a marriage ceremony, and punishes as for a misdemeanor persons living together as man and wife without being married; notwithstanding also that a record is kept of the licenses issued, as well as the returns made by the officials performing the marrige ceremony; notwithstanding this record is evidence of the fact of marriage, (*State v. White,* 19 Kas. 449,) yet such record is not the only evidence. Parol testimony is admissible now as before the statute. A little reflection will satisfy one of the necessity of this. The record of the issue of a marriage license does not prove that the parties were in fact married, for after the issue of the license, either party may decline to go further, and until the ceremony there is no marriage; and after the ceremony, if the official performing the ceremony fails to return his certificate thereof to the probate judge, such omission does not invalidate the marriage. It is a matter of common knowledge, that through forgetfulness, or from other causes, many of these licenses are never returned to the probate judge after the ceremony. It would be strange in these cases if evidence of the marriage was not attainable. Further,

as the official performing the ceremony is not required to return the license for thirty days, cannot the party prove his marriage until after such time? We think nothing in our statute changes the well-established rule of the common law, that a marriage may be proved by the testimony of those attending and witnessing the ceremony.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.