107    133<br/>118    614

No. 13,782.

WIDOW ELIZABETH ALBINEST VS. YAZOO AND MISSISSIPPI VALLEY RAILROAD COMPANY.

SYLLABUS.

1.  In a suit for damages by the widow of the man killed, the answer of defendant specially denying plaintiff's capacity as widow, denying that she had ever been the dead man's wife, and averring that at the time of her marriage to him he was already married to her knowledge, sufficed to lay the basis for the introduction of proof of a former marriage.

2.  The law does not require marriage, like title to real estate, to be proved by documentary evidence. It may be proven by parol. Like other contracts, it may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party.

3.   It appearing by affidavit filed here that a second woman, claiming to be the widow of the deceased, had, subsequent to the judgment herein, instituted suit for damages based on the same cause of action, and had filed with her petition a certificate showing a marriage with her prior in date to the other marriage, the cause will be remanded—it being held that the existence of the two widows to one husband, both claiming damages for his alleged negligent death, is such a vital question of fact as to justify the remanding to enable defendant to implead both in this suit and that they might contradictorily with one another establish which *is the widow*.

A PPEAL from the Civil District Court, Parish of Orleans— *Ellis, J.*

*Armand Romain,* for Plaintiffs, Appellee.

*Hunter C. Leake* and *Gustave Lemle* (*J. M. Dickinson,* of Counsel), for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   This is an action *ex delicto* brought by Elizabeth Albinest, alleging herself to be the widow of Joseph Albinest, to recover fifteen thousand dollars damages for the death of the said Joseph Albinest, who was run over and killed by defendant company's passenger train.

The averment is made that his death was brought about solely and entirely by the gross negligence, carelessness and recklessness of the defendant and the particulars are set forth at length.

She represents that the deceased (her husband) was her sole support; that by his death she has been deprived of this support and of his companionship; that she has been reduced to necessitous circumstances and to a condition where she is forced to earn her own living; that she suffered mental sorrow and anguish caused by his horrible death; and that as surviving widow she is entitled to compensation in the sum named.

In response to an exception by defendant that the petition was too vague and indefinite for it to answer, in this, that it is not set forth where and when the complainant was married to Joseph Albinest, the plaintiff filed an amended petition in which she averred her marriage to Joseph Albinest in the City of New Orleans on the 24th of June, 1884.

Whereupon the defendant pleaded the general issue as to the allega-

tions of the petition, and, by way of special answer, denied that
plaintiff was the legal wife of Joseph Albinest. On the contrary, it
averred that at the time of the marriage, which she represents took
place between herself and the said Joseph Albinest, the latter was a
married man to her knowledge, and that the first wife is living and is
asserting against defendant the same claim as herein set up by the
plaintiff.

Further answering, it charges that the death of Albinest was occa-
sioned by his own fault and negligence, and that he was at the time a
trespasser on its tracks.

The case was tried by jury who found for the plaintiff, assessing
damages at two thousand dollars, and from a judgment based on this
verdict, defendant prosecutes this appeal.

The view we take of the case renders it alike unnecessary and unde-
sirable to enter upon the discussion of that part of it relating to the
facts of the catastrophe and the law bearing upon the same, for the
purpose of establishing the soundness of whatever opinion the court
may entertain of *the right* of recovery on the showing made.

We have found that the cause must be remanded, and, this being so,
the court withholds expression of opinion on the merits appertaining to
the cause of action itself.

The case must be remanded because evidence entitled to go before the
jury, and tendered, was excluded, and because the interests of justice
render the remanding advisable.

The evidence excluded related to the *status* of the deceased as a
married man *vel non* at the time of the celebration of the nuptial
ceremony between himself and the plaintiff herein, and, in this con-
nection, its bearing upon the *status* of the plaintiff as his widow,
entitled to bring this action.

As has been seen, she bases her right to recover upon her *widowhood;*
that she was at the time of Joseph Albinest's death *his wife.*

Her *status* as such having been specially denied, and being thus put
to the proof of it, she established, by proper documentary evidence and
by parol testimony, the celebration of a marriage ceremony between
herself and Joseph Albinest in June, 1884. And, as giving her the
right to sue as widow of the deceased, she proved the opening of the
dead man's succession in the Civil District Court of Orleans Parish,
and exhibited a judgment therein recognizing her as the widow and
placing her in possession of the estate, which consisted, mainly, of the
claim herein declared on.

When its turn came to introduce evidence, defendant company offered to prove by parol testimony a marriage of Joseph Albinest prior in date to that with plaintiff, *as alleged in its answer.*

On various grounds, plaintiff's counsel opposed the reception of this evidence.

When the first attempt was made (which occurred on cross-examination of plaintiff herself) to prove a former marriage and the living wife of that marriage, the trial judge ruled that the marriage could only be shown by record testimony, or by showing that there had been such a record and its disappearance, before resorting to parol evidence to establish the facts. He said he thought unless some basis of that character was laid, parol testimony could not be received.

Later, the judge, referring to this first ruling, revised the same in substance as follows:—

That if the marriage alleged by defendant to have been the first marriage was solemnized in any State, the laws of which, like our own, require record evidence, the primary and better proof of the fact of marriage would be that record. In the event of the inability of the defendant to produce it, it would then be competent to prove the solemnization of that first marriage by witnesses present, or by the minister or officer who celebrated it, or by proof of the fact that the deceased and the alleged first wife had lived together as husband and wife and were so recognized by their intimate friends, by the community in which they lived and by each other.

He stated if the defendant were able to produce evidence on such lines he would receive it.

Later, defendant called to the stand the brother of the deceased and tendered him to prove the allegations of the special defense—the fact of prior marriage and the existence of the first wife.

This was objected to on the ground that parol evidence was inadmissible for the purpose; that the testimony was irrelevant; that it was not the best evidence of which the case was susceptible; that if parol, as secondary evidence, be at all admissible to prove a marriage, the destruction or non-exisence of the primary evidence must first be established.

This was met by a statement by defendant's counsel that he had been unable to obtain the marriage certificate or documentary evidence showing the first marriage, and he, therefore, tendered parol testimony to prove it.

He stated, further, that his attention was first attracted to the

duality of the deceased's marital *status* by receiving a letter from plaintiff's counsel claiming her to be his widow and demanding damages for his death, and another from another law firm claiming another woman to be his widow and asserting her right to collect damages; that thereupon he made inquiries and all the information he could obtain was from the brother of the deceased, to the effect that the deceased had gone to Italy on a visit, that he (the brother) had received a letter from him while in Italy stating he would bring a wife back with him and to have things in readiness for her, that he did get things in readiness, and shortly afterwards Joseph Albinest returned with a person whom he introduced as his wife; that they remained together a short while and then parted.

Counsel further stated that for the first time that morning (the morning of the day of the trial) he had ascertained from a sister of the deceased she was present when the first marriage ceremony was solemnized.

The trial judge ruled the evidence not admissible. He thought the special defense of a former marriage set up in the answer was not specific enough; that the name of the supposititious wife should have been given; that plaintiff, whose claim herein is resisted and who was sought to be subjected to the odium of having contracted an adulturous marriage, should have been more fully placed upon her guard; that *laches* was imputable to defendant, etc.

The grounds upon which the exclusion was made appear to be different from those urged by counsel for plaintiff.

After the case reached this court, a motion was made by defendant to remand, mainly upon the ground that since the judgment appealed from was rendered a person alleging herself to be Carmela Albinest, widow of Joseph Albinest, deceased, had instituted suit in the Civil District Court of the Parish of Orleans against this defendant, claiming fifteen thousand dollars damages for the killing of her alleged husband at the time and place and under the circumstances as set forth in the petition of the plaintiff herein.

The motion to remand, supported by affidavit, gives the number of the suit and recites that Carmela Albinest had filed, with her petition, her marriage certificate, showing marriage with Joseph Albinest in the Kingdom of Italy on the 20th of December, 1864—many years prior to the marriage with the plaintiff in the present action.

The representation is made that even if defendant be liable in

damages for the death of Joseph Albinest, it should not be called on to pay damages to *two* widows, and that in the interest of justice the case should be remanded in order that both alleged wives may be impleaded in one and the same suit, to establish, contradictorily with one another, which is *the widow*.

*Ruling*—The answer of defendant specially denying plaintiff's capacity as widow of Joseph Albinest, denying that she had ever been his wife, and averring that at the time of her marriage to him he was already married to her knowledge, sufficed to put plaintiff on her guard and to lay the basis for the introduction of proof of a former marriage.

The object of pleading is to notify the adverse party in order that he may be prepared to rebut. He may not, for lack of more explicit pleading, exclude pertinent evidence of whose existence and intended introduction he was previously made aware.

Drullet vs. McMaims, 37 La. Ann. 802.

The law does not require marriage, like title to real estate, to be proved by documentary evidence. It may be proven by parol. Like other contracts, it may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party. Holmes vs. Holmes, 6 La. 470.

And we are not prepared to say that the evidence tendered by defendant in this case, to prove the former marriage, presupposed a higher species of evidence within his power. Beaulieu vs. Ternoir, 5 La. Ann. 480.

The marriage relied on to defeat plaintiff's claim to be widow of the dead man was contracted in a foreign country many years before. Defendant's knowledge of its existence was derived from what the brother of the deceased had told him. It cannot be said that this presupposed there was higher evidence, than the parol testimony tendered, which was in defendant's power to produce.

Considering the special defense set up in the answer, plaintiff was not taken by surprise when it was sought to prove the fact of a prior marriage by parol. Castagnie vs. Bouliris, 43 La. Ann. 951.

Had the evidence tendered of the former marriage been received and it had been sufficient to establish it to the satisfaction of the jury, and had it also been established to their satisfaction that the plaintiff, prior to contracting marriage with the deceased, had been informed of the first marriage and of the fact that the first wife was still living, their verdict might have been different from what it was.

The question, therefore, as to whether or not Joseph Albinest was a married man at the time of his marriage to the plaintiff, and that she had been anteriorly informed of it, is a vital question of fact, so much so that it warrants, in interest of justice, the remanding of the case. C. P. 906; Barry vs. Pike, 21 La. Ann. 221; Banger vs. City, 34 La. Ann. 202; Nelson vs. Parish, 32 La. Ann. 884; Jackson vs. Illinois Ry. Co., 46 La. Ann. 226.

In the case last cited, which was one where a woman, alleging herself to be the widow of the man killed, sued for damages, and where the answer of the company, as here, specially denied she was his legal wife, this court set aside the verdict of the jury, reversed the judgment and remanded the cause, justifying its action by expressing grave doubts as to the fact of marriage between the plaintiff and the dead man. It was remanded for further evidence on that point.

For the reasons assigned it is ordered, adjudged and decreed that the verdict of the jury herein be set aside, the judgment based thereon annulled, and that this cause be remanded for further proceedings according to the views herein expressed and the law.

It is further ordered, etc., that the costs of this appeal be borne by the appellee.