(138 So. 95)

Succession of CUSIMANO.

No. 28500.

Nov. 3, 1931.

Rehearing Denied Nov. 30, 1931.

B. & M. Purser, of Amite, for appellant.

Rownd & Warner, of Hammond, for appellees.

OVERTON, J.

In the foregoing succession, Mrs. Maria Cusimano, alleging herself to be the widow of the deceased, Nicolo Cusimano, joined by three of her children and one grandchild, the issue of a deceased daughter, claiming to be the children and grandchild of Nicolo Cusimano, deceased, brought this suit to annul a judgment rendered in that succession, recognizing Mrs. Cologera di Gratta as widow in community and sole heir of Nicolo Cusimano, deceased, and directing that she be sent into possession of his estate. Coupled with this action of nullity are also demands for the recovery from Mrs. Di Gratta of the estate which she was placed in possession of, and for judgment against her for $2,100 for rents and revenues of the property, with legal interest thereon from judicial demand.

The judgment sending Mrs. Di Gratta in possession is an ex parte judgment, obtained upon allegations supported by affidavits, showing that she was the widow in community of Nicolo Cusimano, deceased, and entitled to his estate as his sole heir. The judgment is attacked upon the ground that these allegations and the affidavits in support of them were false, when made, to the knowledge of Mrs. Di Gratta, since she and Cusimano were never married, no marriage ceremony having ever been performed between them by any one authorized to perform marriages.

As Mrs. Cusimano must show her interest in the estate by establishing that she is the widow of the deceased, and, as her children and grandchild must do likewise by show-

ing that they are his children and grandchild, we shall first inquire into their interest to bring the present suit.

If married, Cusimano and Mrs. Cusimano were married in Italy. No written evidence was introduced to establish the marriage, nor was the inability to produce written evidence established, unless it be said that whatever written evidence existed was far away in Italy.

Because of the failure to show inability to produce written evidence, Mrs. Di Gratta objected to the introduction of oral evidence to establish the marriage. However, the objection is not well urged. It is now established that a marriage may be proved by parol evidence as well as by documentary, although, it may be said, the failure to produce documentary evidence may, according to circumstances, call for clear oral proof. Among the authorities supporting this ruling may be cited Albinest v. Yazoo & Mississippi Valley Railroad Co., 107 La. 133, 31 So. 675; Watson v. Lawrence, 134 La. 194, 63 So. 873, L. R. A. 1915E, 121, Ann. Cas. 1916A, 651; Oliphant v. Louisiana Long Leaf Lumber Co., 163 La. 601, 112 So. 500.

The evidence of Mrs. Cusimano shows that she married Nicolo Cusimano some years ago, in Italy, before a civil officer and also a priest. Later her husband visited this country, and then returned to get her and the children of the marriage. The family located in California. Thereafter Cusimano left that state because of some difficulty, and, abandoning his family, located in this state. Mrs. Cusimano's evidence that she was married to Cusimano is supported by the evidence of two witnesses, who, although they were not present at the marriage, lived in the same town in which the parties to the marriage lived, and who testify that Mrs. Cusimano and Cusimano were regarded as married by those living there who knew them.

As to Mrs. Di Gratta, the evidence shows that she and Cusimano were never married. It appears that they went to the clerk's office and obtained a license to wed, but did not go before any officer authorized to perform the marriage ceremony, or before any minister or priest to have it performed, and there had it celebrated pursuant to the solemnities prescribed by law. The issuance of the license itself does not perfect the contract. There is no marriage, under the laws of this state, until the marriage is celebrated by one, in the manner required by law, authorized to celebrate marriages. Civ. Code, arts. 90, 102, 103, 105. As there was an entire lack of any such celebration in this case, there was no marriage contracted between Mrs. Di Gratta and Nicolo Cusimano.

As there was no marriage contracted by Mrs. Di Gratta and Cusimano, even a void one, the status that existed between them cannot be deemed that of a putative marriage, possessing the effect, even as to Mrs. Di Gratta (though it is possible she may have been in good faith), of a valid marriage, for it is only to the marriage actually contracted, though null, that the law, where it was contracted in good faith, attaches to it the civil effects of a valid marriage. Civ. Code, arts. 117, 118. Hence Mrs. Di Gratta is not entitled to any part of the property left by Cusimano, as widow in community and heir, for no marriage existed between them. On the other hand, plaintiffs are entitled to this property.

There is one piece of real property, however, consisting of 10.40 acres, acquired by Mrs. Di Gratta from Cusimano by notarial act, passed on December 14, 1913, for a consideration of $124 cash, and recorded in con-

veyance book 71, page 262, of the parish of Tangipahoa, which we think she is entitled to hold as her property. This property was erroneously listed when Mrs. Di Gratta petitioned the court to be placed in possession of Cusimano's estate as property belonging to his succession. It is urged that, as this was done upon her petition, she is precluded from now urging that it was her property at the time of Cusimano's death.

The listing of this property as belonging to the estate of Cusimano was a manifest error. The error has not prejudiced plaintiffs. There is no reason why Mrs. Di Gratta should be precluded from maintaining her right to the property by virtue of the sale. Since the judgment, placing her in possession of that property as the widow in community and heir of Cusimano, has been annulled at the instance of plaintiffs, natural justice demands that she be permitted to show the error in the listing of this piece of property.

The contention is also pressed that the transfer of this land to her should be treated as a donation to a concubine and be annulled, under article 1481 of the Civil Code. We are not prepared however to hold that when the transfer was made, which was prior to the time Mrs. Di Gratta and Cusimano assumed the status of husband and wife, they were living together in open concubinage. Beyond this, the notarial act of transfer shows that the transfer was a sale and not a donation, and the record does not overcome its recitals. We therefore conclude that Mrs. Di Gratta is entitled to this piece of land by virtue of her purchase.

The trial judge rendered judgment in favor of plaintiffs, annulling the judgment, sending Mrs. Di Gratta into possession of all the property listed as belonging to Cusimano's succession, and recognizing plaintiffs as the owners of all the real estate listed therein.

The judgment will have to be amended so as to allow Mrs. Di Gratta the 10.40 acres, last considered.

The judgment is amended by allowing defendant, Mrs. Di Gratta, the 10.40 acres of land purchased by her from Nicolo Cusimano by notarial act, on December 14, 1913, and recorded in conveyance book 71, page 262, of the parish of Tangipahoa, on December 17, 1913, and, as thus amended, it is affirmed; plaintiffs to pay the costs of this appeal.