O’NIELL, Chief Justice,
concurs in the decree but is of the opinion that the court should reject as unsound the implication in the plaintiffs’ alternative demand that if Mary Seals honestly believed that she was married to Sherman Dotson the belief would give to their cohabitation the status of a putative marriage. A putative marriage is one which has been solemnized with the accustomed ceremonials but which is in fact illegal for some reason. The decision to the contrary in the Succession of Marinoni, 183 La. 776, 164 So. 797, ought to be overruled, because it is in direct conflict with the decision rendered in Succession of Cusimano, 173 La. 539, 138 So. 95, 96, where it was said:
“As there was no marriage contracted by Mrs. Di Gratta and Cusimano, even a void one, the status that existed between them cannot be deemed that of a putative marriage, possessing the effect, even as to Mrs. Di Gratta (though it is possible she may have been in good faith), of a valid marriage, for it is only to the marriage actually contracted, though null, that the law, where it was contracted in good faith, attaches to it the civil effects of a valid marriage. Civ.Code, arts. 117, 118”.
ROGERS, J., absent.