SUCCESSION OF JOHN TAYLOR, f. m. c., MARY JANE TAYLOR, f. w. c., Tu-
trix, &c., *v.* CLARA TAYLOR, f. w. c., Tutrix, et al.

Where a party offered in evidence, as proof of a marriage, solemnized in the State of Indiana, a certi-
fied copy duly authenticated, of the record of the marriage license and certificate of marriage of the
minister who celebrated the same, from the County Circuit Court of the State, and at the same time
offered the revised statutes of Indiana relative to "marriage" and to the "Clerks of the Circuit
Court"—*Held :* That such testimony is admissible to establish the marriage.

Parol evidence is admissible to prove that the contracting parties to a marriage were in good faith, and
that the marriage was consummated.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Michel & Koontz,* for plaintiff and appellant. *C. Roselius* and *F. Haynes,*
for defendants.

DUFFEL, J. ` *John Taylor,* a free man of color, made, by public act, dated the
23d day of September, 1847, his nuncupative will, wherein he acknowledged, as
his natural children, *Célestine, Martha, Charles* and *Georgina,* whom he instituted
his universal heirs and legatees. The testator died in January, 1853, and his
instituted heirs (with the exception of *Georgina,* who had departed this life be-
fore her father,) were regularly put in possession of his estate. It appears that
the above named instituted heirs and legatees were born of an illicit union be-
tween *John Taylor,* a free man of color, and *Clara,* a slave, and that said *Clara*
and her above named children were duly emancipated on the eighth day of July,
1845.

The plaintiff alleges that she was legally married to *John Taylor* in the year
1843, in the town of New Albany, in the State of Indiana ; that they had three
children, and that *Medora Ada,* who was born in 1845, is the only surviving child
of said marriage, and as such, sole heir of her deceased father. And after set-
ting forth the will made as aforesaid by her husband, the emancipation of the
constituted heirs and of their mother, and that said constituted heirs could not,
under the law, be legally acknowledged, nor instituted heirs, that they were adul-
terous bastards, she demands, as the natural tutrix of the minor, *Medora Ada,*
that the said will of *John Taylor* be abrogated, annulled and declared to be void
and of no effect ; that the said *Medora Ada Taylor* be recognized as the sole heir
of her father ; that the said instituted heirs under the will be ejected from the
property described in her petition, and which belongs to the succession of said
*John Taylor,* and that she be, as natural tutrix of her said minor, put in posses-
sion of the same.

The defendants' exception to the insufficiency and uncertainty of the allegations
of the petition was properly overruled. The defence on the merits is a denial of
the marriage of *Mary Jane Taylor,* f. w. c., with the deceased, and of its legality ;
they also deny that the alleged child, *Medora Ada Taylor,* f. c. c., as set forth in
the petition, is the legitimate issue of said deceased, or was ever, as such acknowl-
edged by him.

The plaintiff offered in evidence, in proof of her marriage, a certified copy, duly
authenticated, of the record of the marriage license and certificate of marriage of
the minister who celebrated the same, from Floyd County Circuit Court of the
State of Indiana. The plaintiff also offered at the same time the following laws

40

of said State : Revised Statutes, Part II, chapter 35, art. I of Marriage ; Part III, chapter 38, art. II, of the Clerks of the Circuit Courts ; which was rejected by the District Judge on the grounds, 1st, "that the Deputy Clerk illegally granted the license, without stating the absence or sickness of the Clerk " ; and 2d, " that the capacity of the minister was not proved."

The plaintiff took her bill of exceptions, to which is annexed the rejected document and the statutes above described.

A bill of exception was also taken to the ruling of the Judge excluding all parol evidence to establish the marriage.

Under the laws of Indiana, Clerks of Circuit Courts may appoint deputies, who are authorized to act when such Clerks are unable to attend to the duties of the office, or are absent. The 8th section of Art. 1st of Marriage makes it the duty of the Clerk of the Circuit Court of the county in which the female resides, to issue a license directed to any person empowered by law to solemnize marriages, authorizing him to join together the persons therein named, as husband and wife. The 6th section directs that marriages shall be solemnized, among others, by ministers of the gospel and priests of every denomination who are regularly licensed or ordained as such. The 15th and 16th sections direct the registry of the license and certificate of marriage to be made by the Clerk of the Circuit Court of the county in which such marriage was solemnized, and provide that a copy of such record duly certified, attested and sealed by the Clerk of said Court, shall be presumptive evidence of the fact of such marriage ; and the 14th section also provides, " and no marriage solemnized before any person professing to be an officer, or minister authorized by law to solemnize marriages, shall be adjudged to be void, nor shall the validity thereof be in any way affected on account of any want of jurisdiction or authority in such supposed officer or minister, or on account of any omission or informality in issuing or granting the license, if the marriage in other respects be lawful, and be consummated with a full belief, on the part of the persons so married, or either of them, that they have been lawfully joined in marriage."

It is therefore clear, that the District Judge erred in rejecting this evidence, and it is equally clear that the plaintiff had the right to prove, by parol, that the contracting parties were in good faith, and that the marriage was consummated.

The rejected evidence and the excluded testimony being before us, we will examine the case on its merits.

The license and certificate of marriage prove that *John Taylor* and *Mary Jane Lewis*, the plaintiff, f. p. c., were married together in Floyd County, Indiana, on the 30th day of August, 1843, by the *Revd. B. H. Hickox*, an Episcopalian minister, and the testimony amply shows, that they were married and lived together as husband and wife. It is also in proof that *John Taylor* filed, in the Fifth District Court of New Orleans, on the 21st day of March, 1848, his petition for a divorce, wherein he pleaded and recited his marriage with the present plaintiff, and the parties were in fact divorced on the 19th of May, 1851.

We cannot entertain the least doubt as to the existence of a legal marriage between *John Taylor* and *Mary Jane Lewis*, f. p. c.

The plaintiff is sufficiently identified as the divorced wife of *John Taylor*, and *Medora Ada* is, without doubt, her child ; and, as far as we can judge from the testimony, the child was born in 1846, and certainly before the time referred to by the witnesses, *Eliza Harding* and *Celia Cook*, f. p. c., in their testimony, and

prior to the date of the petition in divorce of *John Taylor*. It is also in evidence, that *John Taylor* visited the plaintiff in 1847 in New Orleans.

There is nothing in the evidence to destroy the legal presumption that *John Taylor* was the father of *Medora Ada*. C. C. 203, 207; *Vernon v. Vernon's Heirs*, 6 An. 244.

We will now inquire as to the rights of the defendants under the will of their natural father; and in doing this, we will not express any opinion as to the fact, whether said instituted heirs could be acknowledged by the testator as his natural children, a point not free of doubts *in our mind*, notwithstanding its repeated adjudication by this court.

The Article 1470 of the Civil Code will dispose of this branch of the case, even by giving effect to the acknowledgment of the defendants by their natural father. It says : " Natural children, or acknowledged bastards, cannot receive from their natural parents, by donations *inter vivos* or *mortis causa*, beyond what is strictly necessary to procure them sustenance, or an occupation or profession which may maintain them, whenever the father or the mother who has thus disposed in their favor, leaves legitimate children or descendants. Those donations shall be reducible in case of excess, according to the rules laid down under the title of Father and Child." *Delaney v. Beale et al.*, 1 La. 498.

The defendants, or the major one, at least, may not be in need of alimony; or it may be that their enjoyment of the whole estate of their natural father since his death would, of itself, be an ample contribution.

We do not think that the facts of this case, or equity, require that the cause should be remanded to inquire into the wants of the defendants, as we are of opinion that they acquired nothing under the will, and that, therefore, the question of reduction does not arise. C. C. 258.

We will, however, reserve in our decree, the right of action of the defendants, if any they have, for alimony. C. C. 257, 913.

It is, therefore, ordered, that the judgment of the District Court be reversed; and it is now further ordered, adjudged and decreed, that the minor, *Medora Ada Taylor*, be recognized as the legitimate issue of the marriage of *John Taylor*, deceased, and *Mary Jane Lewis*, f. p. c., and as such, forced heir of her father. It is further ordered, adjudged and decreed, that the nuncupative will and testament made by *John Taylor*, f. m. c., by public act executed on the 23d day of September, 1847, be, and the same is hereby annulled and avoided, in so far as it instituted the defendants universal heirs and legatees under the will. It is further ordered, adjudged and decreed, that defendants be condemned to deliver up unto the plaintiff, as natural tutrix of said *Medora Ada Taylor*, f. c. g., the property described in the petition, and that said tutrix be, as such, put in possession of all the property belonging to the succession of *John Taylor*, f. m. c. It is further ordered, that the right of action of defendants, if any they have, for alimony, be reserved; and that said defendants pay the costs of both courts.