(112 So. 500)

No. 28398.

## OLIPHANT v. LOUISIANA LONG LEAF LUMBER CO.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. Evidence ⬿183(1)—Parol evidence of previous marriage of deceased held admissible in action for death by one claiming as widow, without showing issuance of license and procès verbal and their loss or destruction (Civ. Code, art. 105; Employers' Liability Act).

In action for death under Employers' Liability Act (Act No. 20 of 1914), by one claiming to be widow, parol evidence of previous marriage, consisting of testimony of eyewitnesses, *held* admissible to prove that marriage under which plaintiff claimed was bigamous, without first showing issuance of license and making of procès verbal required by Civ. Code, art. 105; defendant having offered to prove inability to find certificate and incompleteness of marriage records.

2. Marriage ⬿43—After proving prior marriage by parol evidence, defendant, sued for wrongful death, could show plaintiff had knowledge thereof before marrying deceased (Employers' Liability Act).

In action for death under Employers' Liability Act (Act No. 20 of 1914), by one claiming as widow, cross-examination of widow to prove her knowledge of fact of deceased's prior marriage before she married him *held* not improper, though prior marriage was shown by parol evidence only.

3. Marriage ⬿40(10)—Presumption that those celebrating marriages make returns and that returns are recorded may be overcome by showing that marriage not of record was in fact celebrated.

While those authorized to celebrate marriages are presumed to discharge their duty and make return, and those required to record return are presumed to do so, these presumptions may be overcome by showing by parol evidence that marriage not of record was in fact celebrated.

4. Marriage ⬿42—Parol evidence is admissible to prove celebration of marriage.

Though absence of written evidence is circumstance to be considered in determining whether marriage was in fact celebrated, parol evidence is admissible to prove marriage did in fact take place.

O'Niell, C. J., dissenting.

Action by Earlee Oliphant against the Louisiana Long Leaf Lumber Company. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Judgment of trial court and of Court of Appeal annulled and set aside, and case remanded.

J. O. Gunter and Jas. W. Jones, both of Natchitoches, for plaintiff.

Thornton, Gist & Richey, of Alexandria, for defendant.

OVERTON, J. Amos Oliphant was employed by defendant to assist in loading logs on its trains, and, while engaged in the discharge of his duties, was accidentally killed.

Plaintiff claims to be Amos Oliphant's widow. She has brought this suit to recover compensation from defendant, under the Employers' Liability Act (Act No. 20 of 1914), for Oliphant's death. Defendant denies that plaintiff was ever legally married to Oliphant, and avers substantially that she could not have married him legally, because he was already married to one Bertha Johnson.

During the course of the trial, defendant, with the end in view of laying a foundation to offer parol evidence of the alleged marriage of Amos Oliphant and Bertha Johnson, offered a certificate, signed by the clerk of court of the parish of Natchitoches, for the purpose of showing that he had examined the indices to the marriage records of his parish from 1900 to 1919, which period includes the date at which it is said that Amos Oliphant married Bertha Johnson, and that he failed to find a certificate showing that the marriage had been celebrated, and further certifying that the marriage records during that period were incomplete. The certificate was objected to by plaintiff on the ground that it was only an ex parte

statement of the clerk and was inadmissible. The trial court sustained the objection. Defendant then placed one of its attorneys on the stand, who stated that he, together with the clerk, examined the indices of the marriage records, and failed to find a certificate showing the marriage of Amos Oliphant and Bertha Johnson, and that the marriage records appeared incomplete. Defendant then placed on the stand John Lynch, a brother-in-law of Amos Oliphant, and also Amanda Lynch, who was the latter's sister, and propounded to them questions for the purpose of showing that they were present at the marriage of Oliphant and Bertha Johnson, and knew that they were married, and also to show whether or not they had ever seen a marriage license issued by the clerk of court of Natchitoches parish authorizing the marriage of Oliphant and Bertha Johnson. A question was also propounded to Amanda Lynch for the purpose of showing that prior to the time plaintiff was said to have married Oliphant, the witness told plaintiff that Oliphant was married and had not obtained a divorce. These questions, except the last one, were objected to on the ground that parol evidence to show the marriage was inadmissible, until it was first shown that a license was issued authorizing the marriage and a procès verbal of the marriage made, and that the license and procès verbal had been lost or destroyed. The last question was objected to on the ground that defendant must first show by competent evidence a prior marriage of Amos Oliphant with another before it could show a lack of good faith on the part of plaintiff in marrying Oliphant. These objections were sustained by the trial court, and a judgment rendered against defendant. On appeal, the Court of Appeal approved the rulings of the district court, as to the inadmissibility of the foregoing evidence, and, on the merits, affirmed the judgment of that court.

The Court of Appeal, in passing on the admissibility of the parol evidence offered to show the marriage, after reviewing the cases cited for its consideration, said:

"We conclude that the best evidence of a marriage is the record of a license and procès-verbal of the marriage, required by law to be made, and that until there is preliminary proof offered to show that such record has been lost, destroyed or not made, or circumstances shown indicating that the marriage was celebrated without a license, parol proof of the marriage is not admissible, over objection timely made. * * * "

[1, 2] In our opinion the Court of Appeal erred in not holding that the parol evidence offered to show the prior marriage was admissible, and in not remanding the case for the admission of the evidence. In Holmes v. Holmes, 6 La. 463, 470 (26 Am. Dec. 482) it appears that:

"On the trial, the plaintiff offered witnesses to prove that the plaintiff and Mrs. Holmes, who were then in court, had lived in New Orleans a length of time and had a family, and were reputed husband and wife."

In passing upon a bill of exceptions, taken to the ruling of the trial judge excluding this evidence, our predecessors said:

"It is contended on the part of the appellee, that as the Code requires marriages to be celebrated in the presence of three witnesses, and an act to be drawn up and signed by the parties, the witnesses, and the person performing the ceremony, parol evidence is inadmissible to prove a marriage in this state.

"Marriage is regarded by our law in no other light than as a civil contract, highly favored, and depending essentially on the free consent of the parties capable by law of contracting. Our Code does not declare null a marriage not preceded by a license, and not evidenced by an act signed by a certain number of witnesses and the parties; *nor does it make such an act exclusive evidence of a marriage.* These laws relating to forms and ceremonies, here regarded as directory to those alone who are authorized to celebrate marriages, are intended to guard against hasty and inconsiderate marriages in defiance of parental authority. Like all other contracts, it may be proved by any species of

evidence not prohibited by law; which does not presuppose a higher species of evidence within the power of the party. * * *" (Italics ours.)

In Succession of Hubee, 20 La. Ann. 97, in passing upon the admissibility of parol evidence to establish a marriage, it was said:

"It has been repeatedly held that the law does not declare null marriages in which the laws relating to forms and ceremonies have not been observed; that marriage may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party. Taylor v. Sweet, 3 La. 33, 22 Am. Dec. 156; Hobdy v. Jones, 2 La. Ann. 944; Hubbell v. Inkstein, 7 A. 253; Succession of Taylor v. Taylor, 15 La. Ann. 313.

"A registered act of marriage would be conclusive evidence of the fact of marriage, and if such an act were extant upon the public records, it would be difficult to impute to the party on whom the proof devolved a sinister motive for not producing it. The failure to produce evidence, which would be so conclusive, carries rather with it the presumption that it does not exist."

In Albinest v. Yazoo & Mississippi Valley Railroad Co., 107 La. 133, 31 So. 675, which was a suit in which the plaintiff sued for damages for the accidental killing of one whom she alleged to be her husband, in which one of the defenses was that the deceased was married at the time plaintiff claimed to have married him, and in which parol evidence, offered to show the first marriage, under objection made, was excluded by the trial judge, this court, in passing upon the admissibility of the parol evidence offered, said:

"The law does not require marriage, like title to real estate, to be proved by documentary evidence. It may be proven by parol. Like other contracts, it may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party. Holmes v. Holmes, 6 La. 470, 26 Am. Dec. 482."

In Watson v. Lawrence, 134 La. 194, 63 So. 873, L. R. A. 1915E, 121, Ann. Cas. 1916A,

651; where, apparently, there was written evidence of the marriage in existence in Germany, which, we take it, might have been obtained in proper form, it was held, in passing upon an objection to the admissibility of parol evidence to establish the marriage, that a marriage may be proved by the testimony of persons who were present when the ceremony was performed, and in so holding, the court cited Wigmore on Evidence, § 1336, to the effect that it has long been settled that the register or certificate of marriage is not preferred to the testimony of eyewitnesses.

See, also, as supporting the admissibility of parol evidence, Succession of Fortier, 51 La. Ann. 1563, 1597, 26 So. 554; Landry v. Bellanger, 120 La. 965, 45 So. 956, 16 L. R. A. (N. S.) 463, 14 Ann. Cas. 952; Succession of St. Ange, 161 La. 1085, 109 So. 909.

The Court of Appeal, in holding that the evidence offered was inadmissible, cites Green v. New Orleans S. & G. I. R. Co., 141 La. 120, 74 So. 717, and quotes from the syllabus thereof as follows:

"It would seem to be an elementary proposition under the law as it now stands (since the amendment, in 1855, of Civ. Code, art. 107 [now article 105], whereby the duplicate act of marriage, for which the article provides, is required to be returned, with the duplicate license, to the officer issuing the license, and by him recorded), that, in any case in which it is sought to prove a contract of marriage, the proponent should be required to produce a certified copy of the public record, which the law declares shall be made, of the contract, and that, until it be shown that the record has been lost or destroyed, no secondary, or inferior, evidence thereof, offered to create a presumption that such contract had been entered into, should be received."

Article 105 of the present Civil Code (Revised Civil Code of 1870), reads as follows:

"The marriage must be celebrated in the presence of three witnesses of full age, and an act must be made of the celebration, signed by the person who celebrates the marriage, by the parties and the witnesses.

"This act must be made in duplicate and ap-

pended to the license issued in duplicate; one of these acts, appended to the license, must be returned within thirty days from the date of celebration by the person celebrating the marriage to the person who granted the license, who shall file and record the same in his office."

Prior to the amendment of 1855 the article, which was then article 107 of the Code of 1825, read word for word as does the first paragraph of the present article. By the amendment of 1855, what is now the second paragraph of the present article was added.

In our opinion it was not the intention of the Legislature by requiring the license to be issued in duplicate, and that the act evidencing the celebration of the marriage be thus made, and that one of the duplicate acts, attached to one of the duplicate licenses, be returned, for recordation, to the officer issuing the license, to exclude parol evidence of the celebration of the marriage, especially to exclude the testimony of eyewitnesses. The intention of the Legislature in requiring that these things be done was to make it easier to establish a marriage by increasing the means and facilities of proof, and not to limit the means thereof by excluding parol evidence of the celebration, especially the evidence of eyewitnesses.

[3] Marriage lies at the very foundation of our social fabric. It ought not to be held that a marriage cannot be proved without first proving that a license issued, that an act showing the celebration was prepared and returned, and that all evidence thereof has been lost or destroyed, or that the celebrant thereof failed to make a return, before parol evidence becomes admissible to establish the fact of marriage, without positive legislation to that effect. See note to Grigsby v. Reib, L. R. A. 1915E, on page 47. While those authorized to celebrate marriages are presumed to discharge their duty and make return, and those required to record the return are presumed to do so, yet these are only presumptions, which may be over-come by showing that the marriage was in fact celebrated; and hence it is not necessary to lay the foundation demanded by plaintiff.

[4] The ruling in the Green Case, so far as it may conflict with the views here expressed, must be considered as overruled. Of course, the fact that one seeking to establish a marriage does not produce written evidence showing its celebration is a circumstance to be considered in connection with other circumstances in the case in deciding whether or not the marriage was in fact celebrated, and such seems to be the trend of many of the cases cited by plaintiff, as, for instance, the cases of McConnell v. City of New Orleans, 15 La. Ann. 410; Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L. R. A. 1915A, 200, Ann. Cas. 1915C, 717, but these cases are not authority for the contention that parol evidence is inadmissible.

The evidence of the prior marriage offered, including the evidence of plaintiff's knowledge of that marriage, should have been received.

For these reasons, the judgment of the trial court and of the Court of Appeal are annulled and set aside, and this case is remanded to the district court to be proceeded with in accordance with the views here expressed, plaintiff to pay the costs of this writ and of the appeal, the costs of the trial court to remain in abeyance until the final determination of the case.

O'NIELL, C. J. I respectfully dissent from the majority opinion and decree rendered in this case because the object and purpose of the proposed verbal proof of the alleged unlicensed and unrecorded previous marriage of the deceased was to make bigamous and to nullify a marriage that was duly licensed, solemnized and recorded. Public opinion and the laws of society can-

not ban unholy alliances unless the courts insist upon the observance of the forms prescribed for marriages. This court has been lenient in allowing parol proof of marriages, as a matter of charity towards the innocent, and for the good of society generally, but not where the effect was to nullify a marriage duly licensed and solemnly celebrated with the forms prescribed by law.