**AMERICAN MUT. LIABILITY INS. CO. et al. v. SANDERS et al.**

No. 5558.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Elder & Elder, of Ruston, and Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

H. W. Ayres and Wayne Stovall, both of Jonesboro, for appellees.

HAMITER, Judge.

Availing themselves of the provisions of Act No. 123 of 1922, which provides for the interpleading of parties, the Southern Advance Bag & Paper Company, Incorporated, and its compensation insurer, American Mutual Liability Insurance Company of Boston, instituted this proceeding. They alleged that one R. C. Sanders was injured on June 25, 1936, by the explosion of a boiler, while he was engaged in the furtherance of his hazardous occupation and in the scope of his employment with the first-named plaintiff, and that death resulted to him on June 29, 1936. It was further alleged that decedent was earning a weekly wage

of $13.30 when injured. Plaintiff deposited in the registry of the district court an amount which they deemed to be due and owing, as compensation, at the time of the commencement of the suit, and signified their intent of making additional and similar deposits of compensation payments as they became due, until ·final judgment herein. All parties who were considered possible claimants to the benefits were duly cited to appear and to establish their rights.

An answer was filed by one Lee Ethel Atkins, in which she averred her legal marriage to decedent on April 1, 1919, and that two children were born of that marriage, viz., Leonard and Olive V. Sanders; that she and her said husband were divorced in July, 1926, and the judgment of divorce decreed the permanent care, custody, and control of said minor children to R. C. Sanders; and that her children were living with the deceased at the time of the accident and death and were wholly and totally dependent upon him for maintenance and support. She prayed for judgment in her favor, for the use and benefit of said minors, against both plaintiffs, in solido, in the full sum of $2.07½ per week for each, from June 25, 1936, until such time as each respective child attains the age of 18 years.

Also answering the petition was Caroline Sanders. She averred a legal marriage with R. C. Sanders on February 27, 1927, and that from said union there was born one child, viz., R. J. Sanders; that, at the time of the injury and death of her said husband, she was not divorced or separated from him by judgment of court and that she and her minor son were solely and actually dependent upon deceased for their living and support; and that on such occasion she was temporarily residing at the home of her father. Her primary prayer was for judgment in her favor, individually and for the use and benefit of said minor, for the weekly compensation of $6.15 for 300 weeks, beginning June 25, 1936.

In the course of the trial of the case, it developed that a second child had been born to the said Caroline Sanders, viz., Bobby D. Sanders, and that this birth occurred during the life of decedent but while the mother was staying at the home of her father. By reason of this development the trial court correctly ordered the filing of an amended petition and the making of said child a party defendant in the proceeding. The order was duly complied with Caroline Sanders then answered the amended petition. She

adopted and reiterated the allegations of her original answer, averred that R. J. Sanders and Bobby D. Sanders were born of her marriage with decedent, and that she and said minors were dependent upon him for support and living when his injury and death occurred. The prayer of this answer was for weekly compensation of $8.64½ for a period of 300 weeks.

Opposition is expressed by each claimant, under her respective answer, to the claim interposed by the other.

At the conclusion of the trial there was judgment as follows:

"It is therefore ordered, adjudged and decreed that the claimant, Caroline Sanders, individually, do have and recover judgment of and against the plaintiffs, American Mutual Liability Insurance Company and the Southern Advance Bag & Paper Company, Inc., in solido, for the full and weekly compensation of $4.32 per week for a period of 300 weeks, beginning June 29, 1936; that said Caroline Sanders do have and recover further judgment in her capacity as mother and surviving parent of the minors, R. J. Sanders and Bobby D. Sanders, against said plaintiffs, in solido, for the full sum and weekly compensation of $1.08 each for said minors or the sum of $2.16 for both of said minors for a period of 300 weeks, beginning June 29, 1936.

"It is further ordered, adjudged and decreed that Lee Ethel Atkins, mother and surviving parent of Olive V. Sanders and Leonard Sanders, minors, do have and recover judgment against said plaintiffs, in solido, for the use and benefit of her said minor children for compensation at the rate of $1.08 per week for each of said minors, or $2.16 for both of said minors, the aforesaid compensation payments due on behalf of Leonard Sanders to commence on June 29, 1936, and end December 17, 1938, and the compensation payments hereinabove decreed to be due on behalf of Olive V. Sanders to commence June 29, 1936, and terminate August 1, 1940.

"It is further ordered, adjudged and decreed that the funds now on deposit with the Clerk or in the registry of the Court be distributed among the claimants in accordance with this judgment after the payment therefrom of the costs of this suit and proceeding, said amount deposited in said registry of the Court to be credited on this judgment."

The judgment just quoted awards Caroline Sanders, in her individual capacity, 50

per cent. of the compensation authorized by the Employers' Liability Act, Act No. 20 of 1914, § 8, subsec. 2, as amended by Act No. 242 of 1928, p. 357, or 32½ per cent. of decedent's weekly wages for a period of 300 weeks. The remaining half of said compensation was awarded to decedent's four children in equal proportions to be paid weekly until the attaining by each of his eighteenth birthday, but not exceeding 300 weeks.

Appeals were prosecuted from the judgment by Lee Ethel Atkins, on behalf of the minors, Leonard and Olive V. Sanders. Plaintiffs likewise appealed, this being done for the sole purpose of protecting them as against Caroline Sanders in the event this court decreed a modification of the trial court's judgment on the appeal taken by Lee Ethel Atkins.

The appeals have been answered by Caroline Sanders. She prays that the demands of Lee Ethel Atkins, for and on behalf of her minor children, be rejected, or, in the alternative, that when Leonard and Olive V. Sanders become 18 years of age, their proportion of compensation be awarded to R. J. and Bobby D. Sanders.

The sole questions presented by the appeal are: To whom shall the admittedly due compensation be paid and in what proportions? Necessarily, the matter of dependency, under the provisions of the Louisiana Employers' Liability Act, Act No. 20 of 1914, § 8, subsec. 2, as amended by Act No. 242 of 1928, p. 357, must be considered in reaching the desired solution.

Let it be stated at the outset that no discussion of the conflicting testimony found in the record will be given in this opinion. No useful benefit would flow therefrom. We shall state the important facts as we find them and endeavor to apply the law thereto.

R. C. Sanders received injuries on June 25, 1936, while engaged in the discharge of his hazardous employment with plaintiff, Southern Bag & Paper Company, Inc., at Hodge, La., and died as a result of such injuries 4 days later. His weekly wages when injured were $13.30. The other plaintiff herein was the compensation insurer of Sander's employer.

Lee Ethel Jacob and the decedent were married on April 1, 1919. This union produced two children, viz., Leonard and Olive V. Sanders. The former was born December 17, 1920, and the latter August 1, 1922. In cause No. 7889 on the docket of the dis-

trict court of Bienville parish, La., R. C. Sanders was granted a judgment of divorce on January 28, 1927, dissolving the bonds of matrimony existing between him and his said wife, and awarding him the care and custody of the two children born of the marriage. Later, Lee Ethel Sanders was married to one S. A. Atkins.

Leonard Sanders lived with and was supported by his father until the latter's death. Olive V. Sanders resided continuously at her father's home for a while after the dissolution of his marriage. When her mother moved to Monroe, she spent the school term of each year at the home of said mother in order that she might avail herself of the school facilities of the Monroe colored school which were better than those provided in the locality of the father's residence; during the remaining months of the year she lived at her father's house. While the child was attending school in Monroe, and at the time of the death involved herein, the father was providing her with the necessary school supplies, money, and clothes. Both Leonard and Olive V. Sanders lived with their mother after the death of their father.

In the month of February, 1927, R. C. Sanders married Caroline Bradford. R. J. Sanders was born to this union on July 22, 1929. On an evening during the year of 1931 or 1932, decedent whipped and beat his wife, threatened her life, and carried her and R. J. Sanders to the home of the wife's father, Lin Bradford, which was several miles away. Certain bruises were sustained by her by reason of her husband's treatment. Several months later, and while Caroline Sanders was still at her father's home, Bobby D. Sanders was born to her. Decedent was the father of this child. R. J. and Bobby D. Sanders lived at the home of their grandfather, Lin Bradford, continuously until the death of their father. Several years prior to her husband's death, Caroline Sanders went to Hodge, La., where she lived in the home of her sister, Rena Jones. When her husband was killed, she was working in that town as a servant, and had been performing such work for about 9 months.

For a long period of time prior to his injury and death, R. C. Sanders contributed to the support of his wife, Caroline Sanders, from whom he had not been divorced or separated by judgment of court, and also to his minor children, R. J. and Bobby D. Sanders. He sent them food, clothing, and money for their subsistence.

When the injury occurred, deceased and his wife were planning and preparing to resume their living together in the common dwelling. For a number of months before that time the parties were spending nights together at the house of Rena Jones. This occurred once or twice a week.

Under the Employers' Liability Law of this state, in cases where death occurs within one year after the accident, compensation shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death. The widow of a deceased employee, and his children under the age of 18 years, are conclusively presumed to be wholly and actually dependent on said decedent, provided they were living with him when the accident occurred. Where there is no such living together, the question of legal and actual dependency, in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death. Subsection 2 of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357.

Let us consider now the matter of dependency with reference to decedent's widow, Caroline Bradford Sanders. This court held in the case of Oliphant v. Louisiana Long Leaf Lumber Company, 7 La.App. 521, that a wife was dependent on her deceased husband, within the meaning of the statute, where the parties resided in different houses a short distance apart, but the husband visited the wife from time to time, remaining overnight on the occasions of his visits, and made contributions of money and wearing apparel to her during such time. We note that our judgment in that case was reversed by the Supreme Court (163 La. 601, 112 So. 500), but the reversal, as is shown by the court's opinion, was founded on grounds other than that of dependency.

The Orleans Court of Appeal considered a somewhat similar question in the case of Ross v. Armour Fertilizer Works, 168 So. 353, 354. The decedent therein divided his attentions between his legal wife, who asserted dependency in the case, and his concubine. Judge Westerfield, as the organ of the court, had the following to say:

"The long and short of the testimony is that Sam was living with two women at the same time, spending, perhaps, most of his time with his concubine, but he was, nevertheless, living with Mary Ross as her husband at the time of his death. He was not an ideal husband. He could not or, at any rate, did not resist the allurement of an extra marital amour, but in this respect he was no worse than many individuals of more exalted station, if we are to believe song or story, history or romance. There is no evidence of his delinquency prior to his participation in the World War. Perhaps his martial experience contributed to his conjugal dereliction, for we have heard or read somewhere that the life of a soldier is not conducive to the maintenance of the best traditions of matrimony. But wherever Sam's errant affections may have taken him, he never entirely neglected Mary, for the record clearly shows that he was paying her rent, taking her to parties, drinking, eating, and sleeping with her during all the time he maintained the separate establishment with Mary Jane Wright. Not constantly, continuously, nor exclusively, but intermittently and irregularly, it is true; nevertheless, he was living with her within the meaning of the compensation statute. There was no separation by mutual consent. On the contrary, though familiar with Sam's transgressions, Mary always awaited his return to the conjugal domicile with eager anticipation and uncomplaining forgiveness."

The wife in the case of Keyhea v. Woodard-Walker Lumber Company, 147 So. 830, 831, decided by this court, was abandoned by her husband in favor of another woman. She lived with her mother and stepfather after the separation. The husband was later killed. In the opinion written by Judge Taliaferro we said:

"He appears to have become penitent, and gave money to plaintiff on two occasions and provided her with some groceries. She says he visited her several times, and that they cohabited for nightly periods. However, an officer of defendant company undertook to effect à reconciliation between them, without success. When this occurred is not shown. If plaintiff's testimony is to be believed, she was probably putting deceased's sincerity to the test before again resuming full conjugal relations with him. Her evidence to the effect that she was dependent on deceased for support is not contradicted by any of the testimony. It is certain she had no income and owned no property. She lived with her mother while she and deceased were estranged. The record does not conclusively establish that deceased had good cause to abandon plaintiff, or 'put her out,' as she states, and, if she was unjustly discarded by deceased, her

right to claim compensation after his death, if dependent upon him for support, was unaffected. We think her case made out on this score."

■ Considering that Caroline Sanders' separation from her husband was in·the nature of a forced departure from his house, and that at the time of the injury and death he was providing her with the necessities of life, was intermittently spending nights in her company, and preparation was being made by them for the effecting of a complete reconciliation, in our opinion, she is entitled to compensation as a dependent wife within the meaning and intendment of the statute. The fact that she was working as a servant when the injury took place does not, we think, affect her status herein. Her earnings no doubt were meager, and her situation in life as the mother of two children demanded and compelled those efforts on her part.

■ Leonard Sanders was actually living with his father when the latter received the injury, and was being supported by him. The other three children, although not actually residing with decedent at that time, were receiving his support. Under these circumstances, we hold that all of his children were entitled to compensation under the statute.

■ The apportionment decided on by the trial judge is in our opinion correct. This provides one half of the compensation to Caroline Sanders and the remaining half is divided equally among the four children. Britt v. Nashville Bridge Company, La. App., 171 So. 493.

■ The contention presented by the answer to the appeal is, in our opinion, without merit. It is urged thereunder that, when Leonard and Olive V. Sanders attain the age of 18 years, their part of the compensation should go to the children of Caroline Sanders. Subsection 2, par. (F), § 8 of the statute, as amended by Act No. 242 of 1928, p. 357, reads: "When any minor dependent who is not mentally or physically incapable of wage earning, shall become eighteen years of age, payment of the proportion of compensation due such minor shall cease."

This provision, as we view it, does not expressly or impliedly provide for the shifting of the payments to the other children, as is contended. On the contrary, the cessation of payment of the proportion of compensation due the minor attaining the age of 18 years is specifically stipulated.

The judgment appealed from appears to be correct and it is affirmed. Cost of appeal shall be paid by appellant Ethel Lee Atkins.