Dear Ms. Buie:
This office is in receipt of your opinion request which has been assigned to me for research and reply. Your inquiry is restated as provided in the request:
 "Concerning the marriage of minors, in the event of a defect in the licensing procedure or ceremony, is the marriage valid? If not, may it be nullified by the parents of the minor or by the minors themselves?"
The language of LSA-C.C. Art. 87 is pertinent to your inquiry, and provides:
 "The requirements for the contract of marriage are: The absence of legal impediment. A marriage ceremony. The free consent of the parties to take each other as husband and wife, expressed at the ceremony."
The comments to LSA-C.C. Art. 87 recognize that a person may contract marriage if he is not prohibited from doing so by LSA-C.C. Art. 88 (a married person may not contract another marriage), LSA-C.C. Art. 89 (persons of the same sex may not contract marriage with each other), or LSA-C.C. Art. 90
(examining the impediments of marriage of ascendants, descendants, and collaterals). The comments further reflect that this rule applies to minors as well as majors, in the sense that once a minor has contracted marriage that marriage is valid. "This revision [Art. 87] does not change the prior jurisprudential rule that the Louisiana statutory provisions imposing an age requirement for marriage in general and special third party consent requirements for marriages of minors are only directory to officiants." See the full comments to LSA-C.C. Art. 87, Louisiana Civil Code (1992 West Publishing); see also State v. Golden, 210 La. 347, 26 So.2d 837 (1946).
A marriage ceremony must be conducted in accordance with LSA-C.C. Art. 91, which states:
 "The parties must participate in a marriage ceremony performed by a third person who is qualified, or reasonably believed by the parties to be qualified, to perform the ceremony. The parties must be physically present at the ceremony when it is performed."
The requirements of form and ceremony are (1) a marriage license directed to the officiant authorizing him to perform the marriage ceremony (LSA-R.S. 9:205); (2) a seventy-two hour delay period between the issuance of the marriage license and performance of the ceremony (LSA-R.S. 9:241); (3) a person authorized by law to perform a marriage ceremony (LSA-R.S.9:202); (4) two competent witnesses (LSA-R.S. 9:244); and (5) a marriage certificate signed by the parties, witnesses, and the officiant (LSA-R.S. 9:245). These requirements have previously been determined to be directory only, and the court has held marriages valid where one of the requirements was lacking. See Duvigneaud v. Loquet, 131 La. 568, 59 So. 992 (1912) (marriage valid even though marriage act unsigned); Landry v. Bellanger,120 La. 962, 45 So. 956 91908) (marriage valid where witnesses failed to sign marriage act); Parker v. Saileau, 213 So.2d 190
(marriage valid where 72-hour delay period violated). The parties' failure to procure a marriage license will not prevent the creation of a valid marriage. See Succession of Jene,173 So.2d 856 (La.App. 4th Cir. 1965); Holmes v. Holmes, 6 La. 463
(1834); Sabalot v. Populus, 31 La. Ann. 854 (1879).
An absolutely null marriage is defined in LSA-C.C. Art. 94, which states:
 "A marriage is absolutely null when contracted without a marriage ceremony, by procuration, or in violation of an impediment. A judicial declaration of nullity is not required, but an action to recognize the nullity may be brought by any interested person." (Emphasis added).
As we have already stated, the jurisprudence reflects that a defect in the ceremony or licensing requirements does not form a basis to annul the marriage. The marriage is absolutely null where no marriage ceremony is performed. As these rules are applicable to minors, we are of the opinion that neither a defect of ceremony or licensing will form a sufficient basis to invalidate the marriage, either by the parties themselves, or their parents. It does not appear that these defects would create a relatively null marriage under LSA-C.C. Art. 95, as that article relates only to the absence of consent of one of the parties, and provides:
 "A marriage is relatively null when the consent of one of the parties to marry is not freely given. Such a marriage may be declared null upon application of the party whose consent was not free. The marriage may not be declared null if that party confirmed the marriage after recovering his liberty or regaining his discernment."
You should also be aware of the case of Wilkinson v. Wilkinson, 323 So.2d 120 (La. 1975), wherein the court held the marriage of a minor cannot be annulled for the reason that the minor married without parental consent.
Finally, in Attorney General Opinion Number 92-699, we made reference to the provisions of LSA-R.S. 9:211 through 9:214, regarding the marriages of minors. Please note these provisions have been repealed and redesignated under the provisions of the Louisiana Children's Code, Chapter 6, Articles 1543 through 1550. However, the substance of those provisions pertaining to the marriage of minors remains the same. Our conclusions in Attorney General Opinion Number 92-699 provisions are unchanged and affirmed herein.
We hope the foregoing is sufficiently responsive to your request. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0169E