D'ARMAND
v.
PULLIN.

## John Carmena v. Mary Blaney et als.

Heirs, or any party interested, can attack a legacy made in violation of Art. 1468 of the C. C. The right is not confined to forced heirs alone. Decision in the case of *Lazere* v. *Jacques*, 15 An. 599, re-affirmed.

A woman having obtained a separation *à mensa et thoro*, four months afterwards goes with a co-resident of the State to Mississippi, and marrying him there returns to their domicil here—a judgment *à vinculo matrimonii* never having been decreed—*Held* : That she was only a concubine, and not entitled to the rights of a wife, in a last will and testament.

The act of confirmation or ratification of an obligation against which the law admits the action of nullity or rescission, is valid only when it contains the substance of that obligation. The mention of the motive of the action of rescission, and the intention of suppplying the defect on which that action is founded. C. C. 2252.

A donation of movables *mortis causa* to a concubine is valid so far as it does not exceed one tenth part of the whole value of the estate. C. C. 1468.

The nullity of a donation, or reduction in a will, inures to the benefit of all the legal heirs of the testator. The property reverts back to the succession to be distributed by the law.

APPEAL from the District Court of the Parish of W. Feliciana, *Haralson, J. Dunn & Herron* and *G. Miller*, for plaintiff and appellant. *S. J. Powell, R. C. Wickliffe* and *Collins & Leake*, for defendants.

VOORHIES, J. The plaintiff, in his capacity of legal heir of the succession of his deceased brother, *Joseph Carmena*, questions the validity of a legacy made to the defendant, *Mary Blaney*.

The clause of the will is as follows, to wit :

" I will and bequeath to my beloved wife, *Mary Carmena*, the sum of fifty thousand dollars in cash, to be paid to her by my executors. I also will and bequeath to my said wife the following named slaves, to wit : *George, Clay, Jane,* and her daughter *Rachel,* and her son *Spencer,* and also *Laura Jane, George's* wife. I further will and bequeath to my said wife, any personal property she may select from my estate, together with all my silver ware and table furniture."

The ground upon which this legacy is assailed, is that the legatee was not the lawful wife, but the concubine of the testator.

The defendants' counsel contend that none but forced heirs can attack a legacy

CARMENA
v.
BLANEY.

made in violation of article 1468 of the Civil Code. This point was raised in the case of *Lazare* v. *Celez Jacques*, 15 An. 599 ; and it was there held that all parties interested,—such as the heirs of the deceased,—have a right to set up this nullity for the purpose of defeating the fraud practiced upon the law. Indeed, to say that forced heirs only, and that to the amount of their *legitime*, are entitled to invoke this nullity, carries its own refutation ; for it is tantamount to saying that the illicit bequest is binding in all cases in which the *legitime* is not invaded, and that, when it intrenches upon the *legitime*, it is merely reducible.

The deceased and the legatee were never lawfully married, but lived as man and wife up to the death of the former.

On the 29th November, 1856, she obtained against her husband, *Thomas Simpson*, a judgment of separation from bed and board ; and, four months having elapsed, she and *Carmena*, being unable to marry in the State of Louisiana, went over to the State of Mississippi, where they were married. Both parties were residents of the former State, and returned to their home immediately after the marriage ceremonies were performed.

The marriage of *Simpson* with the legatee, up to the present time has not been dissolved by a decree of divorce ; and, at the date of these proceedings in the lower court, he was living in an adjoining parish.

As a matter of law, our courts cannot treat her otherwise than as a concubine, even admitting, as her counsel strenuously contend, that, as a matter of fact, she did believe herself finally divorced. She could not plead ignorance of the law, and of the nature of the proceedings in which she was party plaintiff. Nor can we be influenced in this matter, by the fact that she was esteemed in the neighborhood, and exchanged social intercourse with respectable families.

Her counsel contend that, since the death of the testator, the plaintiff has confirmed the defects of her title. Upon an inspection of the acts which are stated to be confirmatory, we do not find in them mention made of the motive of the action of rescission, and of the intention of supplying the defect on which such action might be founded. Without deciding whether such a defect as an excessive legacy of movables to a concubine may be the subject of confirmation, it is sufficient to say that, in the present instance, the defect has not been aided by any act of the legal heir. C. C. 2252; 15 An. 569.

The legacy of the slaves was an absolute nullity ; and, with regard to the movables, the same is valid so far as it does " not exceed one-tenth part of the whole value of the estate." C. C. 1468.

This reduction in the will inures to the benefit of all the legal heirs of the testator. The property reverts back to the succession, to be distributed by the law. *Lazare* v. *Jacques*, 15 An. 599.

The last will, as amended by this Court, leaves a legacy in favor of the defendant, *Mary Blaney*, of movables not to exceed one-tenth of the whole value of the estate ; and the sum of $4,000 to the children of *Hiram Carmena*, another brother of the testator. The balance of the succession must be distributed by law between all the legal heirs, as a fund undisposed of by the deceased. So that the children of *Hiram Carmena*, notwithstanding their legacy, will come in for their portion in the whole residue, unless, however, they be illegitimate children, as the plaintiff asserts. But as these persons are not parties to the record, this difficulty cannot now be adjusted.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed ; that the plaintiff, *John Carmena*, be recognized as a le-

gal heir of the deceased *Joseph Carmena;* that the legacy of the slaves to *Mary Blaney* be annulled; and that the legacy of movables to her be annulled, so far as they exceed the one-tenth value of the whole property left by the deceased; and that the defendants and appellees pay the costs of appeal.