DANIEL BENNETT v. M. D. C. CANE et als.

Bastards, adulterous or incestuous children, who are prohibited by law from inheriting anything more than mere alimony, cannot take property as legatees.

Where children are prohibited by law from receiving property as heirs, they cannot receive as legatees by last will.

APPEAL from the District Court, Parish of Caddo, *Eagen, J.* *Nutt & Leonard,* for appellant. *J. W. Duncan* and *R. Jones,* for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. This suit is brought to set aside the will of Samuel Bennett, deceased, so far as the defendants are concerned.

The District Court decided in favor of plaintiff, and the defendants appealed.

The deceased died in September, 1853, without descendants, but leaving for heirs brothers and sisters, or their representatives, and an olographic will, as follows, so far as regards the defendants :

"I do give and bequeath unto the children of Mary D. C. Alexander and herself, who was formerly Mary D. C. Bennett, and more recently Mary D. C. Cane, all my landed property, together with my half of all the negroes held in community with her former husband, James H. Cane, deceased, which is now lying, living and being in this State, and for the children (in the plural and singular), to come into possession as soon as the youngest becomes of age, or as soon thereafter as the mother may think prudent after I leave this world."    *    *    *    *

The plaintiff sues as heir and assignee for six-seventh parts of the estate. The heirship of plaintiff and his assignors is clearly proven.

The ground of action is alleged to be :

"That Mary D. C. Alexander, to whom, with her child, all the property of said Bennett in Louisiana, and set forth in the petition, is given, is the natural daughter of said Bennett, and never was acknowled by him; and that, therefore, said Bennet could not make said will in her and her daughter's favor, to the exclusion of his brothers and sisters living, or their representatives."

The testimony clearly shows that the said defendant, Mary D. C. Cane, is the illegitimate daughter of the testator.

Parol evidence was offered and admitted by the Court below, to show the heirship of plaintiff's asssignors. The defendants objected to the testimony, and the objections being overruled, a bill of exceptions was taken to the ruling of the Court.

We are clearly of opinion that the Court did not err.

The defendants also objected to proof going to establish the illegitimacy of the said Mary D. C. Cane, on the ground that she, being a free white person, it was against good morals and against the policy of the law to allow proof of illegitimacy to be made against her in this case, and the law prohibited it. The Court admitted the evidence, and the defendants excepted to the decision of the Court.

We are of opinion that the Court did not err.

If the defendant, Mary Cane, wanted to claim alimony against the estate of the deceased, under the provisions of Art. 914 of the Civil Code, the door would be opened to her to show that she was an illegitimate child of the deceased, although not acknowledged by him. Civil Code, Art. 226. We see no good reason why the rule should not work both ways; besides, we are satisfied that the law never intended to put an unacknowledged illegitimate child in a better position than one who is acknowledged ; which would certainly be the case if the illegitimacy of an unacknowledged bastard could not be proved ; for, then the bastard would be considered as a stranger, and could receive all that a testator could dispose of in favor of any one, even to the prejudice of his own legitimate children.

The testimony clearly establishes the illegitimacy of the said Mary D. C. Cane, and not being acknowledged, she is then a bastard (C. C. Art.

220), and cannot receive the testamentary disposition in her favor.

We are of opinion that the Art. 914 of the Civil Code, although found in irregular successions, applies to her, to wit : "Bastards, adulterous or incestuous children, shall not enjoy the right of inheriting the estates of their natural father or mother, in any of the cases above-mentioned, *the law allowing them nothing more than a mere alimony.*"

If she be prohibited from receiving as an heir, under said article, how can she take as a legatee ? Would the law permit her to receive as a logatee what it refuses to her as an heir ? Do not the same reasons and motives apply in one case as in the other ? Ubi eadem est ratio, eadem est lex.

We are of opinion that she cannot receive the legacy made in her favor by the will in question, and that her legal incapacity also excludes her child or children, who are considered in law as interposed persons. C. C. Art. 1478.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs.

---

### The Same *v.* The Same.—On Motion for Rehearing.