(49 South. 989.)

No. 17,491.

Succession of ELMORE.

(June 15, 1909. Rehearing Denied June 30, 1909.)

WILLS (§ 81*)—TESTAMENTARY POWER—GIFTS TO ILLEGITIMATE CHILDREN—EXCESSIVE DONATION.

That a will gave an adulterine child more than the amount of property allowed by Civ. Code, art. 1488, prohibiting natural fathers from giving property to adulterine or incestuous children unless to the amount of what is necessary to their sustenance or to procure them an occupation, did not annul the whole will, but the donation will be reduced to the amount allowed by the statute, in view of article 1470, permitting all persons to receive by donation mortis causa except such as the law expressly declares incapable.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 202; Dec. Dig. § 81.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. T. Ellis, Judge.

Succession of Albert Elmore. From a judgment annulling the will in favor of minor adulterine children, the dative testamentary executrix and the curator ad hoc appeal. Reversed and remanded, with instructions.

See, also, 121 La. 277, 46 South. 310.

Fernand Fortune Teissier, Abraham Goldberg, and Arthur Landry, for appellants. Frederick Anthony Middleton and Frank McGloin, for appellee Emma Elmore.

PROVOSTY, J. The widow of the de cujus attacks his will made in favor of his adulterine children. The provision of our Civil Code governing the matter is article 1488, which reads as follows:

"Natural fathers and mothers can, in no case, dispose of property in favor of their adulterine or incestuous children, unless to the mere amount of what is necessary to their sustenance, or to procure them an occupation or profession by which to support themselves."

In the instant suit the children ask that the will be not annulled altogether, but merely reduced to the amount which by said article their parent was allowed to dispose of in their favor.

We see no possible or even plausible ground on which this request could be refused.

Nothing could be more illogical than to annul altogether the will of the testator because he has sought to give more than the law allows him to give. In such a case there is abundant reason for reducing the donation, but absolutely none for annulling it altogether. Of course, if the law so expressly provided, the case would be different; but it nowhere so provides. On the contrary, it provides that:

"All persons may dispose or receive by donation inter vivos or mortis causa except such as the law expressly declares incapable." Civ. Code, art. 1470.

Article 1488, which is the only one regulating the capacity of the adulterous parent to dispose by will in favor of his adulterine child, does not pronounce a total incapacity, but leaves a margin. Within this margin the will is just as valid as a will can be; and where the courts would find authority for annulling it is not even suggested.

Whatever there may appear to be contrary to this in the decisions in the cases of Succession of Taylor, 15 La. Ann. 315, Bennett v. Cane, 18 La. Ann. 590, and Succession of Vance, 110 La. 760, 34 South. 767, must yield to the plain text of the Code.

The judgment appealed from is set aside and the case remanded, with instructions that the bequest to the children be reduced to the amount of which the de cujus had the capacity to dispose.