No. ——

First Circuit

## SUCCESSION OF CLOUD

(Feb. 15, 1928.  Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Bastards and Natural Children—Par. 18; Donations—Par. 38, 41.

In view of Civil Code Articles 202, 920, 921 and 1470, the unacknowledged, illegitimate children of a legitimate daughter cannot inherit as universal legatees from the succession of their grandmother.

Appeal from the Parish of St. Tammany. Hon. Prentiss Carter, Judge.

Succession of Leah Sarah Cloud. Opposition of Ralph Thompson, Leah Thompson, Willie Terral, Tutor for Neda and Slow Terral.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. W. Provensal, Slidell, attorney for plaintiff, appellee.

L. V. Cooley, Jr., Slidell, attorney for executor, defendant and appellant.

MOUTON, J.  Leah Sarah Cloud made her last will in favor of Irma Ardnett April, and Alfred Henry Simmons as her universal legatees.  Ardnett April and Alfred Bennett Simmons are the illegitimate children of Missouri Fields, the legitimate daughter of Leah Sarah Cloud, the testatrix, and who died prior to her mother.  The money realized from the sale of the property of the estate of the testatrix is now in the possession of Frank Cloud, her tastamentary executor.

Ralph Thompson, Leah Thompson, majors, Neda and Slow Terral, minors, represented herein by Willie Terral their tutor, and admitted to be the legitimate heirs of the testatrix, are suing for the funds of the succession, claiming that Ardnett April and Bennett Simmons, the illegitimate, unacknowledged children of Missouri Fields, deceased legitimate daughter of the testatrix, can not take the property of the succession as legatees.

In the case of Daniel Barnett vs. M. D. C. Cane et als., 18 La. Ann. 590, Barnett died without legitimate descendants but leaving as heirs, legitimate brothers and sisters.  He made his will in favor of Mary Alexander, his natural, unacknowledged daughter, leaving his estate to her.  His brothers claimed the succession contending that Mary Alexander could not take it as legatee.  The Court denied her the right to the estate under the will under the provisions of Article 920 C. C., which reads as follows:  "Bastards, adulterous or incestuous children shall not enjoy the right of inheriting the estates of their natural father or mother, in any of the cases above mentioned, the law allowing them nothing more than a mere alimony."  In commenting on that article, the Court says:  "If she be prohibited from receiving as an heir, under said article, how can she take as a legatee?  Would the law permit her to receive as a legatee what it refuses to her as an heir?  Ardnett April and Henry Simmons, devisees under the will, are the illegitimate and unacknowledged children of Missouri Fields, and therefore bastards.  C. C. 202.  Being bastards, they are barred as legal heirs, so far as inheritance established by law is concerned, the law allowing them nothing more than mere alimony.  And they have no greater capacity to take under dispositions mortis causa."  Succession of Vance 110 La. 760, 34 South. 767.  Thus, was the doctrine enunciated in Bennett vs. Cane, 18 La. Ann. 590, confirmed in the Vance Succession, a later decision.  Natural children, says Article 921 C. C., are also de-

nied inheritance to the estate of the legitimate relations of their father or mother. In the Bennett vs. Cane, 18 La. Ann. 590, case, it will be noted that the Court said, if bastards are prohibited from receiving as heirs, will they be permitted to take as legatees? Would the law permit them to receive as legatees what it refused them as heirs?

It will be seen from those significant remarks of the Court that their exclusion from receiving as legatees was recognized because of the legal prohibition refusing them the right of inheritance or to receive as heirs. In the Barnett case, 18 La. Ann. 590, this denial was applied to his natural unacknowledged daughter as against the claim of his lawful collateral kindred. In the instant case, these natural unacknowledged children of Missouri Fields are also debarred from the right of inheritance from the succession of the testatrix, mother of Missouri Fields. Being legally prohibited from inheritance therein, they cannot receive the succession of the, testatrix as her universal legatees.

In passing on the capacity of bastards to receive under the will, the Court in the Bennett vs. Cane, 18 La. Ann. 590 case did not give any consideration to Article C. C. 1470, which reads: "All persons may dispose or receive by donation inter vivos or mortis causa, except such as the law expressly declares incapable." In Dalloz Codes Arnote's, p. 362, we find the following commentary on an Article of the Code of Napoleon, similar to ours on this subject, viz: "En general chacun est presume capable de donner et recevoir; cette capacite ne peut etre enlevee que par un texte formel; les incapacitees ne se suppleent pas." In referring to such incapacities we find also in Journal Du Palais the following: "Elles ne sauraient etre etendues par analize a des can non expressement specifies." Tome Deuxieme

1891; 1898 p. 448. See also to the same effect Marcade Art. 902; Vol. 2, p. 393. Thus, it will be seen from these French commentators that the right to dispose or receive is the common and general rule, and that incapacities are the exception, and must be provided for by some ·positive, specified or textual provision. In the Bennett vs. Cane, 18 La. Ann. 590, case, the Court makes no allusion to this rule as recognized in Article 1470 of our Code. In referring to the rights of bastards to receive under a will, Marcade in Volume 3, p. 404, says: "C'est uniquement vis-a-vis de ceux ci qui est posee leur incapacite de rien recevoir au dela de ce qui leur est accorde. On ne concoit pas que le batard ne peut rien recevoir par donation ni testament d'aucun parent de ses pere et mere. It est tres vrai que l'article 756 ne lui accorde aucun droit sur la succession legitime des parents de ses pere et mere; mais ce n'est pas une raison assurrement pour qu'ils n'en puissent pas recevoir des liberalites."

This author seems, therefore, to be of the opinion that though a bastard has no right of inheritance from the succession of the parents of his father and mother, this is not a reason why he. should not be the recipient of liberalities from such parents through a donation or testament. The other French commentators seem also to have taken that view of the subject. Our Courts, however, have not followed this doctrine as appears in the cases above cited.

There is, however, as we see it, sound logic and wisdom in the ruling of the Court in Bennett vs. Cane, 18 La. Ann. 590, because if the estate could be devised to the bastard to the detriment of the lawful kindred of the donor, testatrix or testator, the purpose of the law which is to prohibit him from receiving as an heir would be defeated. Whatever may have

been the reason for the ruling in the cases above cited, it is now the principle which governs in cases of this character. Under that doctrine, the devisees under the will of the testatrix in the instant case are debarred from taking her estate, as her legatees under her will, as was decreed below.

Judgment affirmed.