No. 469

First Circuit

SUCCESSION OF EDGAR BARR

(June 10, 1929. Opinion and Decree.)

Ott & Rich, of Bogalusa, attorney for opponent, appellant.

Ott & Johnson, of Franklinton, attorneys testamentary executor, appellee.

LECHE, J. Edgar Barr owned property situated in the Parish of Washington. He died, leaving no forced heirs, and by his last will, disposed of all his property in favor of his four natural or acknowledged illegitimate children. His nearest other living relatives were his legitimate brothers and sisters and their descendants, who attack the validity of the will as a whole, and ask that the donation therein made, be reduced to one-fourth, in accordance with the terms of article 1486 of the Civil Code. The defense is that a suit for such reduction may only be instituted by his forced heirs under Art. 1504 of the Civil Code.

There appears to be an apparent inconsistency between C. C. Arts. 1486 and 1504. We say apparent, because in fact there is no real inconsistency between these two articles. If, as in the present case, the deceased has left no forced heirs, Art. 1486 then becomes meaningless and should be expunged from the Code. No one, under the contention of counsel for the natural children, would have a standing in Court to enforce its provision, if enforcement can only be made in accordance with Art. 1504.

Art. 1486 provides:

"When the natural father has not left legitimate children, or descendants, the natural child or children acknowledged by him may receive from him, by donation inter vivos or mortis causa to the amount of the following proportions, to-wit: One fourth of his property if he leave legitimate ascendants or legitimate brothers and sisters or descendants from such brothers and sisters; and one third if he leave only more remote collateral relations."

Art. 1504 says:

"On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves of it."

Art. 1486 is contained in the chapter of the Code treating of the capacity necessary for disposing and receiving by donation inter vivos or mortis causa, while Art. 1504 is in that chapter treating of the disposable portion and of its reduction in case of excess.

Observe that the chapter, in which occurs Art. 1486, is silent about the right to reduce, and places no limit as to who may exercise that right, if such right does exist. On the other hand, the chapter in which is contained Art. 1504, defines who are forced heirs, fixes the disposable portion where there are forced heirs, and provides in Art. 1504 for suits for reduction of donations which impinge upon the legitime of forced heirs and of course limits the right to bring suit only to forced heirs themselves, and to their heirs and assigns.

The chapter (3) of which Art. 1504 forms part, only restricts such donations as impinge upon the legitime of forced heirs, while the chapter (2), in which is found Art. 1486, also restricts or forbids donations made in favor of those whose capacity to receive is limited or prohibited

by law on moral grounds or grounds of public policy, and to say that the latter class of donations could neither be reduced nor annulled except by forced heirs, would render inoperative most of the articles in the latter chapter (2). Such a construction would be against the accepted rules of interpretation of statutes, all parts of which should be given effect.

It therefore clearly appears to us that it could not have been the intention of the lawmaker to limit a donation to one-quarter or to one-third, or to prohibit it altogether, and at the same time to deprive all persons interested, of the right to have such limitation or prohibition declared and enforced. Such are our views and they seem to be sustained by the following decisions of the Supreme Court, viz: Carmena vs. Blaney, 16 La. Ann. 245; Lazare vs. Jacques, 15 La. Ann. 599. In the following cases, suits for reduction where there was no impingement on the legitime of forced heirs were entertained when brought by others than forced heirs, viz: Succession of Elmore, 124 La. 91, 49 So. 989; Succession of Vance, 110 La. 760, 34 So. 767.

For these reasons the judgment of the District Court is avoided and reversed and it is now ordered that the legacy made by Edgar Barr in his last will and testament in favor of his natural children, duly acknowledged, be reduced to one-fourth of his property, and that the remainder be distributed among his legal heirs in accordance with law, costs of the opposition in both Courts to be paid by said natural children.