FOURNET, Justice.
 

 This is an action instituted by the surviving widow of the decedent to set aside his last will and testament on the ground that the legatee is his adulterine bastard daughter. The trial judge rendered judgment decreeing the will an absolute nullity but reserved to the child the right to claim alimony from the decedent’s estate.
 

 Eugene Joseph Haydel died testate, leaving surviving him his widow, Mary Haydel, who is an interdict' and under the curatorship of Mrs. Adele Matthews, but left neither ascendants nor descendants. The property he died possessed of belonged to the community of acquets and gains which formerly existed between him and his surviving widow and consists principally of two pieces of real estate, each appraised at $2,000. In his will he bequeathed one of the pieces of property to his six year old adulterine bastard daughter, Ro-sina T. Haydel. The will reads as follows :
 

 “This is my last will. I give to my natural child, Rosina T. Haydel, the property 1623 Humanity Street for her support and sustenance, as provided by Article 1488 of the Civil Code. I name her mother, Hazel M. Granier, as trustee -and also as testamentary executrix of my estate without bond and with possession.
 

 “Entirely written by me at New Orleans, Louisiana, October 13, 1932.
 

 “Eugene Joseph Haydel.”
 

 The will in express terms was executed under the authority of article 1488 of the Revised Civil Code. That article reads as follows:
 

 “Natural fathers and mothers can, in no case, dispose of property in favor of their adulterine or incestuous children, unless to the mere amount of what is necessary to their sustenance, or to procure them an occupation or profession by which to support themselves.”
 

 This court had the identical question presented here for consideration in Succession of Elmore, 124 La. 91, 49 So. 989, 990. In that case the widow of the de cujus attacked his will made in favor of his adulterine children. In answer to the attack the children asked that the will be not annulled entirely, but merely reduced to the amount authorized by article 1488 of the Revised Civil Code. This court sustained the defense and assigned as its reasons therefor the following:
 

 “We see no possible or even plausible ground on which this request could be refused.
 

 "Nothing could be more illogical than to annul altogether the will of the testator because he has sought to give more than the law allows him to give. In such a case there is abundant reason for reducing the donation, but absolutely none for annulling it altogether. Of course, if the law so expressly provided, the case would be different; but it nowhere so provides. On the contrary, it provides that:
 

 “
 
 ‘All persons may dispose or receive by donation inter vivos or mortis causa except
 
 *649
 
 such as the law expressly declares incapable.’ Civ.Code, Art. 1470.
 

 “Article 1488, which is the only one regulating the capacity of the adulterous parent to dispose by will in favor of his adulterine child, does not pronounce a total incapacity, but leaves a margin. Within this margin the will is just as valid as a will can be; and where the courts would find authority for annulling it is not even suggested.”
 
 (Italics ours.)
 

 It is the contention of counsel for ap-pellee, and the lower court so held, that the law applicable to this case is to be found in the cases of Bennett v. Cane et al., 18 La.Ann. 590, and Succession of Vance, 110 La. 760, 34 So. 767; that the Elmore Case, above referred to, is wrong and should be overruled; and that the adulterine bastard daughter of the deceased is entitled only to alimony under the provisions of article 920 of the Revised Civil Code.
 

 The two cases relied upon by appellee were considered by this court in Succession of Elmore, supra, where it was said that whatever appeared in those cases contrary to its holding in the case under consideration “must yield to the plain text of the Code.” The court thereby indicated that the holdings in the Cane and Vance Cases were not apposite to the issues in the Elmore Case. Moreover, a review of the Cane and Vance Cases shows that the court did not take into consideration the provisions of article 1488 of the Code in arriving at its conclusions in those-cases. In neither case is the article or the provisions thereof mentioned, nor are there any circumstances showing that the legatee in either case was in need of sustenance or support. In fact, in the case of Succession of Vance, supra, it is clear that article 1488 was not applicable because the legatee in that case was a married woman of 39 or 40 years of age, not in need of sustenance, nor an occupation or profession by which to support herself, and, consequently, was ineligible to receive a legacy under the express provisions of article 1488.
 

 Article 920 of the Revised Civil Code, in providing that “bastard, adulterous or incestuous children shall not enjoy the right of
 
 inheriting
 
 the estates of their natural father or mother,” does not thereby preclude such children from taking as legatees under the express provisions of article 1488. The latter article is to be found in the Revised Civil Code, chapter 2 of title 2, Book 3, which treats “Of the Capacity Necessary for Disposing and Receiving by Donations Inter Vivos or Mortis Causa,” while the former article appears under chapter 3 of title 1, Book 3, of the Code dealing with Irregular Successions and, therefore, can have no application here.
 

 It is conceded that the property described in the will belonged to the community formerly existing between the decedent and his surviving widow in community. Therefore, the de cujus could not make any disposition of .the property inter vivos, by gratuitous title (Rev.Civ.Code, art. 2404). Upon his death title to one-half thereof immediately vested in his surviving widow, Ramsey v. Beck, 151 La. 190, 91 So. 674; article 2406, Rev.Civ.
 
 *651
 
 Code, and it necessarily follows that to the extent of the surviving widow’s ownership in the property, the will is without effect.
 

 It is not claimed by the appellee, either in her pleadings or by argument of her counsel, nor do the facts as disclosed by the record show, that the amount of the legacy is excessive for the purpose contemplated under article 1488.
 

 For the reasons assigned, the judgment of the lower court is annulled and reversed. It is now ordered, adjudged, and decreed that the validity of decedent’s will is maintained to the extent of his ownership of the property therein described, and, accordingly, the legatee, Rosina T. Haydel, is hereby decreed to be the owner of an undivided one-half interest in and to the property No. 1623 Humanity street, in the city of New Orleans, for her support and sustenance; all costs to be paid by the' appellee.
 

 HIGGINS, J., absent