TUCKER, Judge.
Plaintiffs, C. Elliot Thompson, a resident of the Parish of Ouachita; Sybil Thompson Hazelton, a resident of the Parish of Rapides; Joyce Thompson Johnson, a resident of Garden Grove, California; R. Baylis Edmonson, Sr., a resident of Hou-ma, Louisiana; and Edward Chehardy, Jr., a resident of Independence, Louisiana, all majors, are the collateral heirs at law, being the great nieces and nephews of one Louise Rose Davis, who died at her domicile in the Parish of Ascension on August 18, 1936. On November 20, 1968, petitioners filed suit attacking the last will and testament of their great aunt, dated June 10, 1933, and probated in her Succession, Probate No. 1676 of the Parish of Ascension, on the grounds that it is an absolute nullity in that the universal legatee under the will, Mrs. Amelia Robin Von Hofe Barger, is her adulterine child. They asked to be recognized as heirs at law, together with other heirs of the deceased, and sent into possession of the estate left by Louise Rose Davis.
The alleged adulterine, Mrs. Amelia Robin Von Hofe Barger, in proceedings duly brought, was recognized as universal legatee under the will of Louise Rose Davis, there being no forced heirs, and placed in possession of her estate by judgment of December 17, 1936. Mrs. Barger, in turn, departed this life on February 1, 1968, and her succession was opened in Orleans Parish under Probate No. 474-392. The defendant herein, Kermit Frymire, qualified as her testamentary executor, and petitioners brought suit against him, also, asking an accounting from the succession of Amelia Robin Von Hofe Barger for the funds and revenues derived from the succession of Louise Rose Davis, which was managed and used by Amelia Robin Von Hofe Bar-ger from the time of the judgment sending her into possession, December 17, 1936, until the time of her own death, February 1, 1968. In order to avoid unreasonable delays the suit by petitioners brought by direct action in the Succession proceedings of Louise Rose Davis, Probate No. 1676, Twenty-third Judicial District, was consolidated for trial with the proceedings brought against Kermit Frymire as the Testamentary Executor of the Succession of Amelia Robin Von Hofe Barger, filed as No. 15,336 on the docket of the Twenty-third Judicial District, by an order of the court dated January 10, 1969.
The judge of the lower court overruled defendant’s exception of no cause of action and referred his exception of prescription to the merits, but at the conclusion of the hearing on the merits the lower court found that the plaintiffs’ action to annul the last will and testament of Louise Rose Davis was barred by thirty years prescription under LSA-C.C. Arts. 1030 and 3541, inasmuch as the judgment of possession was rendered in her succession on December 17, 1936, and petitioners’ suit not filed until November 20, 1968, thirty-one years, eleven months, and three days later. Stating that it was unnecessary to consider other issues raised in the consolidated proceedings, the lower court judge nevertheless observed that the plaintiffs had failed to prove or establish the paternity of Mrs. Amelia Robin Von Hofe Barger within the requirements of LSA-C.C. Arts. 209 and 210, which would be necessary to any resolution of her status as adulterous or not.
Plaintiffs have appealed from the lower court’s ruling on the exception of prescription, alleging error by the court in applying Art. 1030 of the Louisiana Civil Code to legal heirs, since they claim to have been possessed of seizin from the time of death and not obliged to accept the succession. They also contend that the prohibition contained in LSA-C.C. Arts. 920 and 1488 against donations to adulterous or incestuous children of the donor makes this bequest an absolute nullity and imprescrip- *445 tibie, citing Civil Code Arts. 11 and 12 in support thereof.
Although legal heirs are called to the inheritance by law immediately after the death of the decedent, under the clear provision of Louisiana LSA-C.C. Art. 940 this rule applies as well to universal legatees. By the unambiguous terms of the last will and testament of Louise Rose Davis, duly probated on December 17, 1936, “ * * * I give and bequeath to Amelia Robin Von Hofe, wife of Harold D. Barger, all that I may die possessed of, with full seizin and without bond,” Amelia Barger became the universal legatee of Louise Rose Davis upon her death, and La.C.C. Art. 1030, which governs the acceptance or renunciation of successions by legal heirs, is properly applied to the case at hand. Plaintiffs are asserting in substance that they accept the succession and desire to be recognized and sent into possession of the assets of the succession as owners. Their right to do so, even if such acceptance was tacit in nature, is squarely before the court. Since the deceased, Amelia Barger, had accepted the succession in 1936, her heirs or devisees, in this case the defendants, have the unquestioned right to raise the issue of the alleged loss of plaintiffs’ rights to accept the succession by their failure to exercise such right of acceptance within thirty years. See the cases of Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437 and Lee v. Jones, 224 La. 231, 69 So.2d 26. While a trespasser or one with no semblance of right or title may not invoke the prescription of thirty years set forth in LSA-C.C. Art. 1030, the heirs of Amelia Barger, the defendants herein, do not occupy this status, since she accepted the succession of Louise Rose Davis, was recognized and put in possession of the assets of the estate as universal legatee. Without question she possessed the estate under color of title. The plaintiffs, accordingly, are barred by the pleaded prescription of thirty years from accepting the succession under the terms of LSA-C.C. Art. 1030. This prescriptive period was not suspended or interrupted.
We do not think that a resolution of this litigation depends upon a determination of the legitimacy status of Amelia Barger as a child of Louise Rose Davis. However, assuming for the sole purpose of this discussion, that Amelia Barger was an adulterine child of Louise Rose Davis, plaintiff-appellants’ reliance upon the provisions in LSA-C.C. Arts. 920 and 1488 and the case of Bennett v. Cane, 18 La. Ann. 590 in their contention that a donation to such a child is an absolute nullity, and not curable by prescription, is met with the holdings in Succession of Elmore, 124 La. 91, 49 So. 989 (1909), and numerous other cases of like import, including Succession of Haydel, 188 La. 646, 177 So. 695 (1937), clearly establishing that such a bequest is not an absolute nullity, but is subject only to reduction. The Elmore and Haydel cases above expressly overruled the Bennett case on which plaintiffs in part rely.
Also to be noted as controlling in this case are the provisions of La.C.C. Art. 3548: “All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years.” (emphasis added). Under LSA-C.C. Art. 3541 “The prescriptions * * * of thirty years, whether acquisitive or liberative, shall run against married women, minors, and interdicted persons, reserving, however, to minors and interdicted persons recourse against their tutors or curators.”
These prescriptions shall also run against persons residing out of the State; hence there is no necessity to determine the majority or minority of the legal heirs involved herein, inasmuch as more than thirty years elapsed from the date of the judgment sending Amelia Robin Von Hofe Barger into possession of the testatrix Louise Rose Davis’s succession on December 17, 1936, before petitioners filed their suit herein on November 20, 1968. They *446 cannot now be heard to attack the last will and testament of their great aunt, Louise Rose Davis. Their action against Amelia Barger’s testamentary executor, Kermit Frymire, necessarily falls with the failure of the aforementioned suit against the Succession of Louise Rose Davis.
In view of our above conclusions this court is not obliged to discuss or determine any of the other issues raised by the plaintiffs.
For the above and foregoing reasons the judgment of the lower court dismissing plaintiffs’ demands in the consolidated cases is affirmed at plaintiff-appellants’ costs.
Affirmed.